4 U.S. 206 (____)
4 Dall. 206
Bussy
versus
Donaldson.
Supreme Court of United States.

After argument by W. Tilghman, M. Levy, and Rawle, for the plaintiff, and by Ingersoli, E. Tilghman, and Lewis, for the *207 defendant, the Judges delivered their opinions to the jury, in substance, as follows.
SHIPPEN, Chief Justice.
The first object, that naturally presents itself, is to ascertain, whether the injury complained of, was the consequence of gross negligence, or of mere accident? This falls, exclusively, within the province of the jury: but, if they shall think, that the injury was the consequence of gross negligence, then the plaintiff is entitled to recover damages; unless some rule of law interposes to prevent it, under the peculiar circumstances of the present case.
In considering the point of law, we are led into a field of inquiry equally interesting for its novelty, and its importance: for, although the defendant admits, that in ordinary cases, the owner of a ship is answerable, civiliter, for the injuries committed, in the course of his service, by the captain and crew; it is insisted, that a pilot, under the regulations of our act of assembly, for his examination and appointment, is not to be regarded as the agent, or servant, of the owner, but rather as the officer of the public.
Though it is not agreeable to deliver opinions, on important points of law, suddenly started, in the course of a trial, I think I can safely pronounce, on the present occasion, that the distinction, which has been taken, is rather plausible, than solid. The legislative regulations were not intended to alter, or obliterate, the principles of law, by which the owner of a vessel was previously responsible, for the conduct of the pilot; but to secure, in favour of every person (strangers as well as residents) trading to our port, a class of experienced, skilful, and honest, mariners, to navigate their vessels safe up the bay and river Delaware. The mere right of choice, indeed, is one, but not the only, reason, why the law, in general, makes the master liable for the acts of his servant: and, in many cases, where the responsibility is allowed to exist, the servant may not, in fact, be the choice of the master. For instance: if the captain of a merchant vessel dies on the voyage, the mate becomes captain; and the owner is liable for his acts, though the owner did not hire him, originally, nor expressly chuse him to succeed the captain. The reason is plain: he is in the actual service of the owner, placed there, as it were, by the act of God. And so, in the case under consideration, the pilot was in the actual service of the owner of the ship, though placed in that service, by the provident act of the legislature. The general rule of law, then, entitles the plaintiff to recover; and we have heard of no authority, we can recollect none-that distinguishes the case of a pilot, from those numerous cases, on which the general rule is founded.
As to the assessment of damages: it is a rational, and a legal, principle, that the compensation should be equivalent to the injury. There may be some occasional departures from this principle; *208 but I think it will be found safest to adhere to it, in all cases proper for a legal indemnification, in the shape of damages.
SMITH, Justice.
I perfectly concur in the opinion expressed by the Chief Justice, upon the responsibility of the owner of a ship. But, I confess, that I am not prepared to accede to his opinion, on the assessment of damages. I take this distinction. In a case of contract; or in a case of damage by gross negligence; the jury should always, I think, give a compensation to the full amount of the injury actually sustained. But if an injury is done, in a way merely fortuitous and accidental, I think the jury have a legal and salutary discretion upon the subject.
BRACKENRIDGE, Justice, concurred generally in the sentiments of the Chief Justice.
Verdict in favour of the plaintiff for 2,500 dollars.[(1)].
NOTES
[(1)] The account exhibited for the whole expense of raising and repairing the brig, amounted to 1310l. 8s. 9d.