ISAAC WORCESTER & *al.* & *ux. versus* GREAT FALLS MANUF'G CO.

In actions *ex delicto*, the award of the jury is to be for the amount of the *actual* damages received by the plaintiff.

A party cannot recover damages for being deprived of the use of his real estate so that he could not appropriate it for a certain imaginary purpose, when he has no design so to use it. He may have damages for the injury actually sustained, but no further.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding.

This was an action on the case to recover damages caused by the overflowing of the plaintiffs' land and mill-site, situated on the Great Falls river.

It appeared in evidence, that one Horn built, in 1842, a dam above that of the defendants', which flowed out the plaintiffs' site and land, which dam, plaintiffs contended to be on their land at one end. At this time plaintiffs did certain acts indicating an intention to assert their rights to the site thus overflowed.

In 1848, the defendants built the dam complained of across the Great Falls river, which is there the boundary between this State and New Hampshire.

There was evidence tending to show, that the plaintiffs' land and site was overflowed by the defendants' dam. The defendants' dam flowed out the Horn dam and the plaintiffs' privilege at the same time.

The instructions given, as to the measure of damages, were not the subject of exception.

As the plaintiffs claimed all damages which might justly be found under the third question to the jury, they were directed, besides their general finding, to find specifically the damages arising under the first and second questions submitted to their consideration. Judgment was to be rendered for such sum as the Court should determine under the several findings of the jury. These were as follows: —

"Verdict. — The jury find that the defendants are guilty in the manner and form as the plaintiffs have declared against them, and assess damages for the plaintiffs in the sum of one hundred and three dollars and sixty-seven cents.

"W. M. Bryant, Foreman."

1. What damages to the plaintiffs, in consequence of their land having been overflowed by the defendants' dam, during the time it has been thus overflowed prior to the date of plaintiffs' writ?  Eight dollars.

2. What damages to the plaintiffs, in consequence of their mill privilege having been overflowed during that time, regarding it in the condition it was at the time it was erected?  Two dollars.

3. What damages the plaintiffs may sustain, by having been deprived of the use of their privilege, for any purpose for which it might have been used as a privilege, from the time of the erection of defendants' dam to the date of plaintiffs' writ, or of its sale?  Ninety-three dollars, sixty-seven cents.

4. The jury are to find whether the plaintiffs, at the time defendants' dam was erected, did intend in good faith to use and occupy their close as a mill privilege, by making and erecting suitable and proper dam or dams and mills or other erections, when defendants' dam was erected, or since.  No.

*J. & R. Kimball,* for plaintiffs, cited, in support of their argument, the following authorities: — *Worcester* v. *G. F. M. Company,* 39 Maine; 17 Mass. 289; 8 Burr. 13; Davis' Abr., ch. 28, articles 7 and 8; 2 Greenl. Ev. § 254 and 265.

*N. Clifford, J. W. Leland* and *N. Wells,* for defendants.

" Damages are given as a compensation, recompense or sat-
isfaction to the plaintiff, for an injury already received by him
from the defendant. They should be precisely commensurate
with the injury, neither more nor less; and this, whether it
be to his person or estate." 2 Greenl. Ev. p. 250, § 253;
*Longfellow* v. *Quimby,* 29 Maine, on p. 205, per TENNEY, J.

The writ is made a part of the report, by which it appears,
that no claim is made for special damages.

General damages are those which necessarily result from
the injury alleged, and the law will in such cases award nom-
inal damages, if none greater are proved. 2 Greenl. Ev.
§ 254, p. 258; *Whittemore* v. *Cutler,* 1 Gall. 433.

Special damages are never implied, and if a party intends
to make such a claim, he must see to it that his allegations
and proofs correspond with his intent. Ang. on Wat. Cour.
§ 415, a, p. 489; *Boyden* v. *Burke,* 14 How. 575; *Furlong* v.
*Polleys & al.* 30 Maine, 491.

Perhaps nominal damages will be presumed, after proof of
the flowing by the act of the defendants, and nothing more.
*Hodges* v. *Hodges,* 5 Met. 205; Ang. on Wat. Cour. § 432,
p. 505.

It may be so, although it is well settled that a prescriptive
right to flow cannot be acquired in this State, without proof
of actual damage to the land overflowed. *Wood* v. *Noyes,*
30 Maine, 47; *Wentworth* v. *Sanford Manuf. Co.* 33 Maine,
547.

The damages to be recovered, must always be the natural
and proximate consequence of the act charged and proved
upon the defendant. 2 Greenl. Ev. § 256, p. 267; 2 Greenl.
Ev. § 266, p. 280; 3 Am. Jurist, pp. 292, 293.

" Both parties," says Mr. Greenleaf, " must be confined to
the principal transaction complained of, and to its attendant
circumstances, and natural results, for these alone are put in
issue." 2 Greenl. Ev. § 268, p. 282; 1 Chitty's Plead. 338.

The rule is, that in all actions brought for injuries to real
property, the quality should be shown, as whether it consists

of houses, lands, or other hereditaments. Steph. on Plead., (1st Amer. ed.,) Rule III, p. 296; 1 Chitty's Plead. on p. 376, (*p. 377); *Davis* v. *Jewett*, 13 N. H. 88; *Whitney* v. *Gilmore,* 33 Maine, 273.

The declaration in this case contains no allegation that the close embraced either dam, mills or machinery, and of course no damages can be recovered for any such erections, especially, as the report shows, that none such ever existed on the premises.

General damages are such as necessarily result from the injury complained of, and may be recovered without a special averment in the declaration.

Special damages are such as are the natural, but not the necessary, result of the injury, and therefore must be stated in the declaration. *Vanderslice* v. *Newton*, 4 Comst. 130; *Crain* v. *Petrie*, 6 Hill, 522; *Dickinson* v. *Boyle*, 17 Pick. 78.

Damages, which do not result from the grievance alleged, are not proximate, and can never be allowed. Sedgw. on Damages, 75.

Nor is it possible to say that any damage resulted from the act of the defendants to the dam, mills or machinery on this close, because none such existed. *Lambard* v. *Pike*, 33 Maine, 145.

It is therefore a claim for speculative damages, which the law every where disowns. *Thompson* v. *Crocker*, 9 Pick. 60; *Fitzsimmons* v. *Inglis*, 5 Taunt. 534; *Inhabitants of China* v. *Southwick & al.*, 12 Maine, 238.

It is worse than speculative, it is imaginary and unreal. No injury was sustained beyond the nominal one which is admitted, and the plaintiffs would not have been relieved from any other than an imaginary loss, if the water had been withdrawn. *Nichols* v. *Valentine*, 36 Maine, 324.

Counsel fees are not allowable. *Day* v. *Woodworth & al.* 13 How. 363; *Barnard* v. *Poor*, 21 Pick. 378; *Lincoln* v. *The Saratoga & Schenectady R. R. Co.* 23 Wend. 425; *Shaw* v. *Hayward*, 7 Cush. 170.

The true rule of law respecting the measure of damages is,

that where an injury has been sustained, for which the law gives a remedy, that remedy shall be commensurable with the injury sustained. *Rockwood* v. *Allen*, 7 Mass. 254; *Swift* v. *Barnes*, 16 Pick. 194; *Newhall* v. *Ireson & al.*, 8 Cush. 599; *Jones* v. *Lowell*, 35 Maine, 540.

But a possible injury is not a subject of damages. *Boston Manuf. Co.* v. *Inhab'ts of Newton*, 22 Pick. 22; *Mussey* v. *Crain*, 1 McCord, 489; *Read* v. *Hatch*, 19 Pick. 47.

TENNEY, C. J.—The plaintiffs were the owners of certain land, bordering on Salmon Falls river, where it is the dividing line between the States of Maine and New Hampshire, with a mill site and waterfall thereon, in the same river. In Sept., 1848, the defendants erected a dam across that river, below the land, mill site, and waterfall of the plaintiffs, and thereby wrongfully flowed out the same. The jury, in their verdict for the plaintiffs, assessed damages, according to the injury, which the plaintiffs had sustained, and which they might have sustained on their different grounds; which verdict, by the agreement of the parties, is to be amended, to accord with the rule of damages which shall be determined by the Court.

The damages sustained by the plaintiffs on account of the flowing of their *land* by the defendants, was the sum of eight dollars; and for the flowing out of their mill site and waterfall, the additional sum of two dollars; and the sum of ninety-three dollars and sixty-seven cents was found as damages for the injury which the plaintiffs might sustain, by being deprived of the use of their mill privilege, for any purpose for which it might have been used as a privilege, or for sale. And the jury found further, that neither at the time when the defendants' dam was erected, nor at any time since, did the plaintiffs intend, in good faith, to use and occupy their close as a mill privilege, by making and erecting suitable and proper dams and mills or other erections.

In actions *ex delicto*, the damages to be awarded by a jury, are a compensation, recompense, or satisfaction to the plain-

tiff, for an injury actually received by him from the defendant. Co. Litt. 257; 2 Bl. Com. 438 and seq.; 2 Greenl. Ev. § 253.

When the circumstances are ascertained, a compensation and satisfaction are to be awarded. The remedy is to be commensurate to the injury sustained. *Rockwood* v. *Allen, Ex'r,* 7 Mass. 254; 4 Dall. 207. All damages must be the *result* of the injury complained of. 2 Greenl. Ev. § 254. The damages to be recovered must be the natural and proximate consequence of the act complained of. Ib. § 256.

No rule has ever been recognized as having existence in law, that a party can recover damages for being deprived of the use of his real estate, so that he cannot appropriate it for a certain *imagined* purpose, which might be attended with profit to him, when it is proved, that he did not design so to use it; he may have damages for the injury actually sustained, by being deprived of his land, but no further.

Damages, as we have seen, are given as a compensation for something the owner has lost, previous to the commencement of his action, and not for that which he might have lost, if he had devoted the property to a purpose which he never contemplated. The doctrine contended for by the plaintiffs' counsel, would often make it advantageous to an owner of real estate, capable of being beneficially improved, that he should be obstructed in his occupation of the same by a wrongdoer, when he had no design whatever of so improving it.

The sum of $93,67, found by the jury, was for an injury purely hypothetical, having no basis in fact. No evidence was introduced for the purpose of showing, that the plaintiffs wished to make sale of the mill site and waterfall, or that they could have done so, to be occupied by mills and other erections, and there is no foundation for damages on this account.

The damages which the plaintiffs actually sustained by the alleged injury to their land, mill site, and privilege, have been

found to be the sum of $10, and this sum they are entitled to recover, and the verdict is to be amended açcordingly.

RICE, HATHAWAY, CUTTING, and GOODENOW, J. J., concurred.