CONSTANTINE TUTEIN *vs.* JOHN HURLEY & another.

Hoisting shears were held in position by two guys. A stevedore cast the front guy loose, and did not refasten it. The next day some boys swung on the rear guy and caused the shears to fall and break. They would not have fallen but for the swinging of the boys; and the swinging of the boys would not have caused them to fall had the stevedore refastened the front guy. *Held,* that the stevedore was not liable for the injury of the shears by the fall.

TORT for the destruction of a pair of hoisting shears. Trial in the superior court, before *Lord,* J., without a jury, when these facts appeared:

The plaintiff, who was a stevedore, had been discharging the cargo of a vessel at Fisher's Wharf in Boston, on Saturday, June 5, 1865, and, by permission of the wharfinger, had left his shears standing in the same position in which he had used them for that purpose, as he expected the arrival within a few hours of another vessel which also he was to discharge. In this position they were inclined from the perpendicular about two feet towards the dock, (their height being fifty-four feet,) and secured, in the rear, by a guy extending from their top to a point ninety feet distant, and, in front, by a similar guy extending from their top to the capsill of the pier, to which it was fastened by a hook. The expected vessel not arriving, the berth was taken by another vessel, which the defendants, also stevedores, were employed to discharge. The front guy of the plaintiff's shears interfering with their work, they cast it loose from the pier and wound it around one of the shears, and, when they finished their work, did not refasten it. The next day, some boys caught hold of the rear guy, and swung upon it, causing the shears to fall " inwards " and break in pieces ; and it appeared that " the shears would not have been overturned, except by the swinging of the boys," and that " the swinging of the boys would not have overturned the shears, if the front guy had been refastened."

The judge found for the defendants ; and the plaintiff alleged exceptions.

*P. Ayer*, for the plaintiff.

*J. C. Park*, for the defendants.

BIGELOW, C. J.   The injury to the plaintiff's property was not caused by the act of the defendants in any such sense as to render them liable in this action.   The most that can be said is that their act remotely contributed to the accident.   But, to support an action, it must appear that the proximate cause of the injury was the misfeasance of the defendants.

*Exceptions overruled.*