FREDERICK A. SMITH vs. SAMUEL OSBORN, JR.

Dukes County. Oct. 26, 1886. — Jan. 5, 1887. DEVENS & W. ALLEN, JJ.,
absent.

In an action of contract praying for relief in equity, brought by the master and
part owner of a vessel, against the managing owner, for an account, it appeared
that the plaintiff broke his contract as master by leaving the vessel at a foreign
port, and that the mate, who had a distinct contract with the owners of the
vessel, was, at his own request, discharged by the master, and left the vessel
with him; and that the mate made the request, and obtained his discharge, only
for the reason that the master was about to leave. *Held*, that the defendant
was not entitled to recoup the damages sustained by the owners in consequence
of the mate's breach of contract.

CONTRACT praying for relief in equity, under the Pub. Sts.
c. 151, § 5. In the Superior Court the case was referred to a
master, who found the following facts :

In October, 1878, the defendant, who was the owner of the
whaling barque Clarice of Edgartown, sold to the plaintiff six
sixty-fourths of the vessel, and made a contract with him by
which the plaintiff was to go, as master of the vessel, on a
whaling voyage of forty-two months, for a certain lay. The
plaintiff broke his contract by leaving the vessel at St. Helena
in March, 1881, and the damage to the defendant in consequence
thereof was $300.

The defendant also sought to recoup the damages sustained
by him by reason of the discharge by the master of the first
mate, who left the vessel at the same time as the plaintiff.
The first mate shipped at Edgartown for the voyage, and signed
shipping articles for the same. He had no right, by the terms
of his contract, to be discharged at St. Helena, or at any other
place, before the termination of the voyage, except by mutual
consent; but he was discharged at his own request, at the time
when the plaintiff left the barque. He made this request, and
obtained his discharge, because the plaintiff left the barque, and
for no other reason. The expense to the defendant on account
of said discharge was the three months' extra wages paid the
mate on his discharge, amounting to $45, and the bonus and
increase of wages paid to the man who was shipped in the
mate's place.

The master ruled, as matter of law, that this was not a damage for which the defendant would be entitled to recoup against the plaintiff's claim on account of the plaintiff's breach of said contract; but if, on the foregoing facts, the defendant was entitled to recoup the same, then that his damage therefor was $250.

The master further found that the wages of the plaintiff as master had been paid; and that there was due the plaintiff the sum of $848, less the $300 above mentioned.

The defendant filed an exception to the report of the master on account of the disallowance of the sum of $250 in recoupment.

At the hearing, before *Staples*, J., judgment was entered in accordance with the report of the master; and the defendant appealed to this court.

*F. C. S. Bartlett*, for the defendant.

*C. T. Bonney*, for the plaintiff.

GARDNER, J.  The only question in this case presented to us is, whether the act of the master in breaking his contract and leaving the barque at St. Helena was the direct and consequential cause of the mate's procuring his discharge and leaving her at the same place.  The defendant contends that the amount of damages sustained by him in consequence of the discharge of the mate of the vessel should, on account of the plaintiff's breach of his contract, be allowed the defendant, in recoupment against the plaintiff's claim.

The master's contract with the owners was distinct and separate from that of the mate's with the owners.  They were not connected, nor were they dependent upon each other.  The master could have thrown up his contract, and it would have had no effect upon the mate's contract.  The fact of the master's leaving the vessel may have remotely contributed to the mate's leaving.  But this is not sufficient.  "In general, the parties are deemed to have contemplated only the damages and interest which the creditor might suffer from the non-performance of the obligation, in respect to the particular thing which is the object of it, and not such as may have been incidentally occasioned thereby."  Pothier on Obligations, (3d Am. ed.) Pt. 1, c. 2, art. 3.

The discharge of the mate at St. Helena was not caused by the master's leaving the barque, in any such sense as to render the master liable therefor. The damages to the defendant were not consequent upon the master's leaving, and were too remote to be allowed in recoupment. The master's breach of his contract was not the proximate cause of the mate's breaking his contract, or of his obtaining his discharge. *Tutein* v. *Hurley*, 98 Mass. 211. *Goddard* v. *Barnard*, 16 Gray, 205. *Fox* v. *Harding*, 7 Cush. 516.                    *Decree affirmed.*