Jeremiah Sullivan v. William Morrice et al.

1. PROXIMATE CAUSE—*Breach of Duty Charged Must be the Proximate Cause of the Injury.*—In order to recover for a personal injury the breach of duty charged must be the proximate cause of the injury.

2. MASTER AND SERVANT—*Master Not Liable for Acts of Servant*

Sullivan v. Morrice.

*When Not Acting Within His Employment.*—An employer gave his servant permission, after the close of his week's work, to gather up waste material cut off by the carpenters on the premises where the servant was employed, and to carry it to his home for kindling wood. *Held,* that the master was not liable for injuries caused to a third person through the servant's negligence in throwing pieces of wood from the roof of the house.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ROBERT B. SHIRLEY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed October 9, 1903.

HENRY M. COBURN, attorney for appellant.

O. W. DYNES, attorney for appellees.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action for personal injuries. Appellant had a contract, it is said, with the P. H. Rice Malting Company, one of the appellees, to sell it material to be used in the construction of a steam plant and malt house which was in course of construction. He visited the building October 21, 1899, for the purpose, it is said, of making a diagram or sketch of a certain pipe to be used in said building.

While he was leaving the building he was struck by pieces of wood thrown from the roof by one Henry Olsen, and received the injuries complained of.

Said Olsen was in the employ of Morrice & Barron, carpenter contractors, who were doing the work upon the building, but at the time of the accident he was not at work in the course of his employment as a carpenter, but was throwing down pieces of wood for the purpose of taking them to his home for his own use as firewood. The accident occurred at the noon hour on Saturday, when work for the day and week was concluded. Olsen had been given permission by Barron to take home some of this wood, which was waste material cut off by the carpenters, and he had been told by the foreman that he would find good pieces on the roof, where most of this loose wood was,

and to go up there and get it.    Acting upon this permission, Olsen picked up the wood on the roof, carried it in his arms and threw it off.    He states that he always looked over the edge before he dropped it, and that just as he let go of an armful, appellant and another person came out of the door of the building and started to run, but appellant was struck upon the head.    It appears that the rest of the carpenters had quit work, as had Olsen himself, about twenty minutes or half an hour prior to the time when he went upon the building to throw down this wood for his own use, intending to take it home for kindling and fuel.    He had hired a wagon to haul it, and the wagon was there in waiting at the time he was throwing down the blocks of wood from the roof.    He was not told where or how to throw the wood down.

Upon the trial, the court instructed the jury at the close of the plaintiff's evidence to find the defendants not guilty. This instruction, however, did not include the defendant Henry Olsen, who, although made a party defendant, and present as a witness for the plaintiff, had not been served with summons and had not entered his appearance.

It is contended by appellant's attorney that the carpenter contractors were guilty of negligence, even though Olsen, who caused the accident, was not at the time engaged in their service.    The claim is that they omitted to do something or have done something in this connection which a prudent or reasonable man would not, under the circumstances.    The contention seems to be that appellant was upon the premises on an invitation, express or implied, and that the contractors and owners owed him the duty of seeing to it that the premises " should be in such condition that the plaintiff should not be injured by them."    It is doubtless true, as a general proposition, that when an owner or occupier of land, either directly or by implication, induces persons to come upon his premises, he thereby assumes an obligation that such premises are in a reasonably safe condition, so that persons there by his invitation shall not be injured in their use for the purpose for which the invitation

was extended.    (Hart v. Washington Park Club, 157 Ill. 9–13.)  But the proposition has no application in a case like the present, where the evidence given by the plaintiff in his own favor shows that the proximate cause of the injury was not negligence of the contractors or owners of the premises, but that the injury occurred through the independent act of a third or outside party with which neither the owners or contractors had any connection.  The only connection between Olsen and the other defendants at the time of the accident was that permission had been given him to take away for his own use some of the waste pieces of lumber on the roof.  In giving this permission it is not shown that these parties were guilty of any negligence. The contention seems to be that it was their duty to so control Olsen as to prevent his doing any injury to others while he was taking away the wood.  We know of no rule of law, which, under the undisputed circumstances of this case, imposed upon them any such duty.  It is said by appellant's attorney that the other defendants were negligent " in permitting Olsen to go upon this roof in its unguarded condition to throw down wood at all," without seeing to it that he did not throw it down in a reckless or careless manner; and it is said further that "the negligence of these defendants consists in permitting any one to go upon this roof and throw down these timbers on the head of the plaintiff."  There is no evidence whatever to the effect that they gave Olsen any permission to throw the wood on appellant.  He merely had permission to take the wood, and in granting this permission there is no evidence of negligence.  The wood could be taken away with entire safety to every one.  Neither the wood nor the roof nor any part of the premises were negligently left in an unprotected or dangerous condition.  The injury resulted from the negligent act of Olsen, so far as this evidence tends to show, and from that alone.  There was negligence apparently, or may have been, but the trouble is with plaintiff's case, that there is no evidence of negligence against the defendants whom he seeks to charge.  The breach of duty

with which it is sought to charge them, assuming that there was fault on their part, was clearly not the cause of the injury, and in such case there can be no recovery.   C. & A. R. R. Co. v. Becker, 76 Ill. 25, 30; Gibson v. Leonard, 143 Ill. 182, 193.

There was no error in the instruction complained of directing a verdict in favor of the defendants referred to, and the judgment of the Circuit Court is affirmed.