## CHICAGO, R. I. & P. RY. CO. v. BEATTY.

No. 659. Opinion Filed January 10, 1911.

**NEGLIGENCE—Contributory Negligence—Question for Jury.** Assuming the ommited duty imposed by statute to be the proximate cause of the injury or damage, the plaintiff having failed to exercise ordinary care, thereby contributing to the injury or damage by his negligence or want of exercise of ordinary care, by section 6. article 23 of the Constitution, such question of fact should have been, under all events, submitted, under proper instructions, to the jury for their finding thereon.

(Syllabus by the court.)

*Error from Caddo County Court; B. F. Holding, Judge.*

Action by W. W. Beatty against the Chicago, Rock Island and Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*C. O. Blake, E. E. Blake* and *H. B. Low,* for plaintiff in error.
*A. J. Morris,* for defendant in error.

WILLIAMS, J. Section 2902, Comp. Laws 1909 (sec. 2634, Laws of 1890), provides:

"The detriment caused by the breach of a carrier's obligation to accept freight, messages, or passengers is deemed to be the difference between the amount which he had a right to charge for the carriage and the amount it would be necessary to pay for the same service when it ought to be performed."

Section 521, Comp. Laws 1909 (Session Laws 1905, p. 144), provides:

"It shall be the duty of every railroad company operating a line of road wholly or in part within this state for the transporta-

tion of freight, upon the verbal or written application of any ship-
per to its station agent or other agent in charge of transportation
of freight for a car or cars to be loaded with freight other than
perishable freight or live stock, stating the character of the
freight and its final destination, to furnish said car or cars within
four days from seven o'clock a. m. of the day following such appli-
cation.     Or, when such application specifies a future day when
said car or cars are required, giving not less than four days' no-
tice thereof computing from seven o'clock a. m. of the day fol-
lowing such application, it shall be the duty of said company to
furnish said car or cars on the day specified in said application.
For failure to comply with this section said company shall forfeit
and pay to the shipper applying for said car or cars the sum of one
dollar per car per day or fraction of a day's delay after free time,
together with all actual damages said applicant may sustain there-
by; provided, that if in case of fire, washouts, strikes, lockouts,
or other unavoidable casualties such railroad company shall not
be able to furnish such cars within such time, then and in that
event such time of demurrage shall not begin to run until such
obstacles and hindrances are removed."

It is insisted that the evidence does not justify a verdict in
plaintiff's (defendant in error) favor, as no proof was offered in
accordance with the rule of damages prescribed by section 2902,
*supra.*     Said section was modified so as not to apply at least to
any except live stock and perishable freight by section 521, *supra,*
as contained in act of March 15, 1905, entitled, "An act to regu-
late demurrage and storage charges, and to prevent delays in
furnishing cars and in the transportation and delivery by rail-
roads of freight other than live stock and perishable freight." Sess.
Laws 1905, pp. 143, 149; art. 7, ch. 9, secs. 520-529, Comp. Laws
1909; *Rippey & Sons v. Art Wall Paper Co., ante,* decided at
this term.     The question arises as to whether the damages claimed
are "actual damages" sustained by plaintiff on account of the
breach of duty imposed by said section 521.     The correct rule
seems to be that a person guilty of negligence or an omission of
duty should be held responsible for all the consequences which a
prudent and experienced man, fully acquainted with all the cir-

cumstances which in fact exist, whether they could have been ascertained by reasonable diligence or not, would have thought at the time of the negligent act as reasonably possible to follow, if they had been suggested to his mind. Shearman & Redfield on Negligence (4th Ed.), sec. 29. The weight of authority seems to be that a party is liable only for such extension of a fire, negligently kindled by him, as a prudent person would have regarded as reasonably possible, under the state of wind and weather existing at the time of the fire. Shearman & Redfield on Negligence (4th Ed.), sec. 666. See, also, *Railway Co. v. Parry,* 67 Kan. 515; *Colorado Mtge. Co. v. Rees,* 21 Col. 435; *Lowery v. Manhattan Ry. Co.,* 99 N. Y. 158; *Campbell v. City of Stillwater,* 32 Minn. 309.

"All the authorities agree that the plaintiff cannot recover upon mere proof of his injury and of the defendant's breach of a statute or ordinance. * * * In such case the action would fail for want of connection between the defendant's negligence and the plaintiff's damage. The plaintiff must prove that the breach of regulations was the proximate cause of his damage." (Shearman & Redfield, Negligence [4th Ed.], sec. 27.)

See, also, *Tobin v. Symonds et al.,* 6 Nova Scotia, 141; *Corrister v. Kansas City' St. Joseph and Council Bluffs R. R. Co.,* 25 Mo. App. 619; *Morrison v. Davis & Co.,* 20 Pa. St. 171; Shearman & Redfield on Negligence (4th Ed.), sec. 40; 8 Am. & Eng. Encyc. of Law (2nd Ed.) 575, footnotes 7 and 8.

Assuming, without deciding, that the negligence or omitted act enjoined by statute upon the part of the defendant (plaintiff in error) was the proximate cause of the injury or damages, still it was by the concurring negligent acts of the plaintiff (defendant in error. The rain having fallen by act of God, assuming that it could have been reasonably anticipated and the injury therefrom reasonably avoided, the plaintiff had as much opportunity to apprehend the falling of the rain and the damage therefrom as the defendant. There is no evidence in the record as to the rainfall. The plaintiff, in placing the seed at a place where they were exposed to the rains and permitting them to remain there for a period during

which the rains would likely fall upon them, whereby they would heat and spoil, would contribute to the injury, thereby concurring in the damage. 7 Am. & Eng. Ency. of Law (2nd Ed.), pp. 273, 375. Ordinary care would have required the plaintiff (defendant in error), after failing to receive the cars within due time, to protect the seed from the rains reasonably to be apprehended. The expenditure of money and time to accomplish such protection would have been a part of the damages recoverable against the defendant (plaintiff in error).

If the plaintiff (defendant in error) was guilty of contributory negligence he was not entitled to recover. This action arising after the erection of the state, section 6, art. 23 of the Constitution, providing that "the defense of contributory negligence or a assumption of risk shall, in all cases, whatsever, be a question of fact, and shall, at all times, be left to the jury,' applies. The Federal Employers' Liability Act, establishing the rule of comparative negligence, in effect makes the question of contributory negligence in all cases a question of fact for the jury. 35 U. S. St. 65; Fed. St. Ann. 1909, Supp., p. 684; 34 U. S. St. 232; Act of April 5, 1910, ch. 143, p. 291, part 1, Stat. 61st Congress; Thornton's Employers' Liability and Safety Appliances Acts (1st Ed.), sec. 68, p. 101. The English Workmen's Compensation Act of 1907 appears to abolish, so far as it applies, the doctrine of contributory negligence. *Johnson v. Marshall, Sons, & Co., Limited,* decided by House of Lords, May 17, 1906, 5 Am. & Eng. Ann. Cases. The doctrine of comparative negligence formerly obtained in Illinois, but seems now to be entirely repudiated in that state. *Macon v. Holcomb,* 205 Ill. 643, 69 N. E. 79; *Chicago, etc., Coal Co. v. Aloran,* 210 Ill. 9, 71 N. E. 38. In Florida and Georgia the rule as to contributory negligence is practically the same as that of the Federal Employers' Liability Act. Gen. Stat. Fla. 1906, secs. 31 and 9. Code Ga. 1895, sec. 2322. As to Georgia cases thereon, see note to *Hamler v. Chicago, Rock Island & Pac. R. R. Co.,* 5 Am. & Eng. 48. "An act requiring safeguards for the protection of all persons employed or laboring in manufacturing establishments, and providing civil

remedies for all persons so engaged, or their personal representatives, in cases where any such person may be killed or injured while employed or laboring in any manufacturing establishment which is not properly provided with the safeguards required by this act" (Gen. St. Kan. 1909, p. 1047), was construed in *Caspar v. Lewin et al.*, 82 Kan. 604, 109 Pac. 657, wherein it was held that "the contributory negligence of the injured employee or laborer is not a defense to such an action." See, also, chapter 356, Laws of Kansas, 1903. Sections 4 and 5, ch. 254, of Acts of the Legislature of 1907 of Wisconsin provide:

"In all cases where the jury shall find that the negligence of the company, or any officer, agent of, or employee of such company, was greater than the negligence of the employee so injured, and contributing in a greater degree to such injury, then the plaintiff shall be entitled to recovery and the negligence, if any, of the employee so injured shall be no bar to such recovery.

"In all cases under this act the question of negligence and contributory negligence shall be for the jury."

On November 8, 1910, in Oregon, by means of the initiative and referendum powers, a law was enacted requiring protection for persons engaged in hazardous employment, defining and extending the liability of employers, and providing that employee's negligence shall not be a defense, but may be taken into account by the jury in fixing the amount of damages. In all cases under that act the question of negligence and contributory negligence is for the jury.

All of the foregoing provisions and cases relate to injuries arising where the relation of employer and employee existed. The section of our Constitution as to the defense of contributory negligence extends the rule so as to apply to all parties. The plaintiff was entitled to have that fact found by the jury under proper instructions, though there was no conflict in the evidence thereon.

The contention that the cause was not tried within the issues

joined will not be passed on, as that question can be avoided on another trial by amending the pleadings.

The judgment of the lower court is reversed, and the cause remanded, with instructions to grant a new trial.

DUNN, C. J., and TURNER, J., concur; HAYES and KANE, JJ., concur in the conclusion.