## ST. LOUIS & S. F. R. CO. v. HESS.

No. 1955. Opinion Filed September 17, 1912.

(126 Pac. 760.)

**NEGLIGENCE—Proximate Cause of Injury.** It is a well-established rule that in a suit for damages for personal injuries, although the defendant may be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury complained of, no recovery can be had on account of such negligence.

(Syllabus by Brewer, C.)

*Error from District Court, Choctaw County;*
*D. A. Richardson, Judge.*

Action by Mrs. Maude Hess against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

*Thos. S. Hardison,* for defendant in error.

Opinion by BREWER, C.   This is a suit for personal injuries.   It was tried four times in the lower court; two trials resulted in hung juries, and the fourth trial in a majority verdict for $5'00.

Counsel for defendant in error have not favored us with a brief, or any expression of their views in support of the judgment.

The defendant in error, who will be hereafter called plaintiff, journeyed on defendant's train to Haworth, where she had previously been living, and after leaving the train alleges she was injured in her foot, leaving the depot platform.   The case was tried three times on the allegation and theory that the negligence of defendant was in the fact that certain steps leading from the platform to the ground had been negligently taken away, and that plaintiff in leaving the platform approached the place where she had been accustomed to use the steps, and, observing too late their absence, lost her balance and stepped to the ground, a distance of three to three and one-half feet.   Upon the fourth trial, at the close of plaintiff's evidence, it had been demonstrated by the evidence, beyond a shadow of doubt, that the steps in fact had not been removed as alleged, and that numerous persons at the time of the injury either preceded or followed plaintiff from the platform, safely using the steps.   Plaintiff, being confronted with this situation, was permited to amend the petition by striking out the allegation that the steps were gone, and alleging that "the bottom step had been removed from its proper position."   The proof was overwhelming that the steps were all there, and 'in the same condition they had been in for a year or two of constant use; but one witness stated that one end of the step nearest the ground had been slightly pushed back out of its original place.   This proof of defect, though slight, would have justified sending the case to the jury but for the fact that there was no proof that plaintiff used, or attempted to use, the steps in going down.

Her whole case having been predicated on the absence of the steps, and her previous testimony that she had stepped down three or three and one-half feet, the entire distance from the platform to the ground being shown, it was impossible at the fourth trial to furnish proof that a defect or slight misplacement of the lower step, if it existed, had anything whatever to do with plaintiff's injury, inasmuch as it is not shown that she used, or attempted to use, the steps.

It is a well-established rule that, although a defendant may be shown to have been negligent, yet, unless the negligence so shown was the proximate cause of the injury complained of, no recovery can be had for the negligence. *Ncely v. S. W. Cot. Co.,* 13 Okla. 356, 75 Pac. 537, 64 L. R. A. 145; *Mayne v. Chicago, etc., Co.,* 12 Okla. 10, 69 Pac. 933; *Stephens v. Okla. Ry. Co.,* 28 Okla. 347, 114 Pac. 611, 33 L. R. A. (N. S.) 1007; *C., R. I. & P. Ry. Co. v. Beatty,* 27 Okla. 846, 116 Pac. 171; *Mills v. Wilmington City Ry. Co.,* 1 Marv. (Del.) 269, 40 Atl. 1114; *Byrd v. Express Co.,* 139 N. C. 273, 51 S. E. 851; *Marsh v. Giles,* 211 Pa. 17, 60 Atl. 315; *Florida C. & P. R. Co. v. Williams,* 37 Fla. 406, 20 South. 558; *Sullivan v. Morrice,* 109 Ill. App. 650; *Perry v. Central R. Co.,* 66 Ga. 746; *Stepp v. C., R. I. & P. Ry. Co.,* 85 Mo. 229; *Louisville, N. A. & C. Ry. Co. v. Thompson,* 107 Ind. 442, 8 N. E. 18, 9 N. E. 357, 57 Am. Rep. 120; *Brotherton v. Manhattan Beach Imp. Co.,* 48 Neb. 563, 67 N. W. 479, 33 L. R. A. 598, 58 Am. St. Rep. 709; *Tutein v. Hurley,* 98 Mass. 211, 93 Am. Dec. 154; *Patch v. City of Covington,* 17 B. Mon. (Ky.) 722, 66 Am. Dec. 186; *Worcester v. Great Falls Mfg. Co.,* 41 Me. 159, 66 Am. Dec. 217, and note 219.

The court instructed the jury, in substance, that if plaintiff jumped from the platform to the ground, and there was one or more steps intervening between the platform and the ground, and she did not use them, then she could not recover, even if the unused step had a defect. This instruction stated the law, and would have been proper, had it not been for a total failure of the evidence as to her having used the steps. Under the evidence and the amended petition, the court should have directed

a verdict for defendant. This is merely one of those cases where the proof fails. It is not every injury for which compensation may be had. Life is strewn with accidents and mishaps for which no one can be held in damages.

The cause should be reversed.

ROSSER, C., being disqualified, did not sit in this case. SHARP, C., sitting with Division No. 2 by special assignment of the court.

By the Court: It is so ordered.