## PATTERSON et al. v. SEALS.

No. 4861.    Opinion Filed September 21, 1915.

(151 Pac. 591.)

1.  **NEGLIGENCE—Actions—Burden of Proof.**  In an action for damages, predicated upon negligence, the burden is upon the plaintiff to show by a preponderance of the evidence that there is causal connection between the negligence averred and the injury suffered.

2.  **SAME.**  In an action for recovery of damages for negligence, if it be shown by the evidence that there was negligence, there can be no recovery unless the evidence, by a preponderance, also shows causal connection between the negligence proved and the damages sustained.

3.  **SAME—Directed Verdict.**  In an action for damages for negligence, if the evidence fails to show causal connection between the negligence averred and the damages suffered, the court, upon proper request, should direct a verdict for the defendant.

.(Syllabus by Collier, C.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by J. W. Seals against W. C. Patterson, Jr., and others.  There was a judgment for plaintiff, and defendants bring error.  Reversed, with instructions.

*M. E. Michaelson,* for plaintiffs in error.

*B. A. Lewis,* for defendant in error.

Opinion by COLLIER, C.   This action was brought by defendant in error against plaintiffs in error to recover damages for the destruction of property contained in a barn held under a lease by defendant in error, said barn and contents having been destroyed by fire.

The material evidence discloses that there was an engine and boiler used in drilling for oil, located within 100 feet of the barn destroyed, which barn had within it the property destroyed, including a lot of hay, horses, harness, etc., all of the value of from $1,100 to $1,500; that said boiler and engine were in operation the night of the fire until 10 o'clock, at which time the fire in the boiler was turned out, but they were not in operation about an hour and a half immediately prior to the discovery of the barn's being on fire; that the fuel used in firing said engine was gas; that the smokestack of said engine was not equipped with a spark arrester; that shortly after the barn was discovered to be on fire, it was totally destroyed, with its contents; that a strong wind was blowing from the direction of the engine and boiler toward the barn; that some days after the fire sparks from said engine were seen to issue therefrom and to land on the site where the barn had formerly stood, but there was no evidence that sparks had been seen to issue from the smokestack used in connection with said engine and boiler prior to the burning of said barn; that two or three days prior to the burning of said barn the parties operating said engine and boiler had been seen throwing some small pieces of wood into the furnace of said boiler and engine, and that after the fire an examination disclosed that there were some ashes under the boiler; that under certain circumstances sparks would emit from an engine fired by gas, and fly from 100 to 150 feet. There was no direct evidence that an engine burning gas, in order to be properly equipped, would have to have a spark arrester. There was evidence tending to show that defendant in error objected to the location of the engine and boiler so near to the barn, which evidence is denied by plaintiffs

in error, who had a lease on the land upon which said boiler and engine were located, for the purpose of drilling for oil.

The case was tried to a jury, and a verdict returned in favor of defendant in error for $1,100. Plaintiffs in error, within the time allowed by law, filed a motion for new trial, which was overruled, to which action of the court the plaintiffs in error duly excepted. Judgment was rendered on the verdict, from which judgment this appeal is prosecuted.

If it be admitted that the failure to have such spark arrester was negligence, the evidence does not show any causal connection between such negligence and the cause of the fire which destroyed said barn. There is no evidence reasonably tending to show that it was negligence to locate the boiler and engine where located, since the plaintiffs in error had a lease upon the lands upon which the same were located; and consequently said location, notwithstanding the defendant in error might have objected to the same, was not proof of negligence, causally connected with the fire, which caused the loss for which this action is brought.

There is no direct evidence as to how the fire originated. Usually in case of a fire direct evidence of its origin cannot be had, and resort must be had to circumstantial evidence. Of course, circumstantial evidence is sufficient, where it reasonably tends to show that the wrong complained of was the result of actionable negligence by the party complained of. In *Swenson v. Erlandson et al.*, 86 Minn. 263, 90 N. W. 534, it is said:

"A person cannot be made liable in cases of this kind on a mere probability or possibility that the fire was

caused by his negligence. There must be some positive proof which will permit of a conclusion based upon something besides conjecture and speculation. *Orth v. Railway Co.,* 47 Minn. 384, 50 N. W. 363; *Baxter v. Railway Co.,* 73 Minn. 189, 75 N. W. 1114; *Megow v. Railway Co.,* 86 Wis. 466, 56 N. W. 1099. The origin of the fire must be estáblished by evidence reasonably certain and convincing to an unprejudiced and unbiased mind, and until there is some such evidence there can be no recovery. Circumstantial evidence is, of course, competent and proper, and often the only obtainable evidence in such cases; but, as such evidence consists in reasoning from facts which are known or proved, to establish such as are conjectured to exist, the process is fatally vicious and defective if the circumstances from which we seek to deduce the conclusion depend also upon conjecture and speculation."

In *St. L. & S. F. R. Co. v. Lee,* 37 Okla. 545, 132 Pac. 1072, 46 L. R. A. (N. S.) 357, it is held:

"In every case involving actionable negligence there must be a duty on the part of defendant, a failure to perform that duty, and an injury or damage resulting by reason of such failure."

In *St. Louis & S. F. R. Co. v. Darnell, Adm'x,* 42 Okla. 394, 141 Pac. 785, it is said:

"* * * Although the defendant may be guilty or negligence, yet, to make it liable to a person for injuries received, it must be further shown that the negligence had a causal connection with the injury; that is, that it was the proximate cause of the injury."

In *St. L. & S. F. R. Co. v. Hess,* 34 Okla. 615, 126 Pac. 760, Judge Brewer says:

"It is a well-established rule that, although a defendant may be shown to have been negligent, yet, unless the negligence so shown was the proximate cause of the in-

jury complained of, no recovery can be had for the negligence."

See, also, *Neeley v. S. W. Cot. Co.*, 13 Okla. 356, 75 Pac. 537, 64 L. R. A. 145; *Mayne v. Chicago, etc., Co.*, 12 Okla. 10, 69 Pac. 933; *Stephens v. Okla. Ry. Co.*, 28 Okla. 347, 114 Pac. 611, 33 L. R. A. (N. S.) 1007; *C., R. I. & P. Ry. Co. v. Beatty*, 27 Okla. 846, 116 Pac. 171; *Mills v. Wilmington City Ry. Co.*, 1 Marvel (Del.) 269, 40 Atl. 1114; *Byrd v. Express Co.*, 139 N. C. 273; *Marsh v. Giles*, 211 Pa. 17, 60 Atl. 315; *Florida C. & P. R. Co. v. Williams*, 37 Fla. 406, 20 South. 558; *Sullivan v. Morrice*, 109 Ill. App. 650; *Perry v. Central R. Co.*, 66 Ga. 746; *Stepp v. C., R. I. & P. Ry. Co.*, 85 Mo. 229; *Louisville, N. A. & C. Ry. Co. v. Thompson*, 107 Ind. 442, 8 N. E. 18, 9 N. E. 357, 57 Am. Rep. 120; *Brotherton v. Manhattan Beach Imp. Co.*, 48 Neb. 563, 67 N. W. 479, 33 L. R. A. 598, 58 Am. St. Rep. 709; *Tutein v. Hurley*, 98 Mass. 211, 93 Am. Dec. 154; *Patch v. City of Covington*, 17 B. Mon. (Ky.) 722, 66 Am. Dec. 186; *Worcester v. Great Falls Mfg. Co.*, 41 Me. 159, 66 Am. Dec. 217.

In 29 Cyc. 589, the rule is stated as follows:

"As a general rule, it may be stated that negligence is a fact which must always be proved and will never be presumed. The mere fact that an accident has happened does not authorize the inference of negligence on defendant's part, although it may be taken into consideration with other facts and circumstances of the case."

A verdict may properly be predicated alone on circumstantial evidence, but it cannot be based upon mere conjecture. The evidence must tend to reasonably support the verdict, or it cannot be permitted to stand. After a careful consideration of the evidence herein, we are unable to see how there is any evidence tending to

show negligence on the part of plaintiffs in error, having causal connection with the fire which caused the damage; nor is there any direct or circumstantial evidence by which the jury could say how the fire originated.

If, admitting the truth of all the evidence that has been given in favor of the party by whom an action is brought, together with such inferences and conclusions as may be reasonably drawn therefrom, there is not enough competent evidence to reasonably sustain the verdict, the court should, upon proper request, direct a verdict for the defendant. *T. S. Reed Groc. Co. v. Miller,* 36 Okla. 134, 128 Pac. 271.

From the view we take of the case, it is unnecessary to consider any of the other questions raised on this appeal. We conclude that the court committed reversible error in overruling defendants' motion for a new trial; the verdict of the jury not being supported by sufficient evidence.

The cause should be reversed and remanded, with instructions to grant a new trial.

By the Court: It is so ordered.