## Marsh *v.* Giles, Appellant.

*Negligence—Infants—Proximate cause—Stone on sidewalk—Evidence.*

In an action to recover damages for personal injuries to a boy seven years old, it appeared that the defendants had placed on the unpaved footway of a back street a number of stones, one of which, three feet long, about six inches wide and three inches thick, was in a slanting position, one end resting on the ground, and the other against an electric light pole. Plaintiff had seen a policeman strike the pole with his club when the light had

| 211 | 17 |
| e 30 SC | 613 |
| d 30 SC | 614 |
| 211 | 17 |
| d218 | 219 |
| 211 | 17 |
| f225 | 337 |

accidentally gone out. He suggested to a companion nine years of age that they light the electric light by jarring the pole as they had seen the policeman do. The younger boy placed his arms around the pole and the elder boy, standing on the other side of the pole, drew the upper edge of the stone back and then pushed it forward or let it fall against the pole. While they were thus engaged, a finger of the younger boy got between the stone and the pole and was injured. *Held* (1), that even if the defendants were negligent in placing the stone upon the footway, they were not liable if the negligence was not the proximate cause of the injury; (2) that the defendants' act was not the proximate cause of the injury, inasmuch as the accident was due to the independent intervening act of the plaintiff's companion in making a use of the stone not reasonably to have been foreseen: Rachmel v. Clark, 205 Pa. 314, distinguished.

Argued Jan. 5, 1905. Appeal, No. 121, Jan. T., 1904, by defendants, from judgment of C. P. No. 2, Phila. Co., June T., 1902, No. 996, on verdict for plaintiff in case of Daniel Marsh and Elmer Marsh by his father and next friend, Daniel Marsh v. Charles A. W. Giles, Bernard Shields and Thomas McLaughlin, trading as Giles, Shields & Company. Before DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

The facts relating to the accident appear by the opinion of the Supreme Court.

Verdict and judgment for the father for $1,000 and for the minor for $4,000.

*Error assigned* was in refusing binding instructions for defendants.

*John G. Johnson*, with him *Francis G. Gallagher*, for appellants.—The negligence of the defendants did not occasion the injury. The act of the companion in using something he found upon the highway brought about the crushing of the finger: Swanson v. Crandall, 2 Pa. Superior Ct. 85 ; Ins. Co. v. Tweed, 74 U. S. 44 ; Chicago, St. P. M. & O. Ry. Co. v. Elliott, 55 Fed. Repr. 949 ; Herr v. Lebanon, 149 Pa. 222; Hoag v. R. R. Co., 85 Pa. 293 ; Scott v. Allegheny Valley Ry. Co., 172 Pa. 646 ; Gaughan v. Philadelphia, 119 Pa. 503 ; Guilmartin v. Philadelphia, 201 Pa. 518 ; Willis v. Armstrong County, 183 Pa. 184 ;

Card v. Columbia Twp., 191 Pa. 254; Behling v. Spothwest Penna. Pipe Lines, 160 Pa. 359.

*Eugene Raymond*, for appellees.—The intervening negligence of third persons, for which the plaintiff is not responsible, will not arrest the chain of causation so as to deprive the plaintiff of a right of recovery against the person guilty of the first negligence: Shearman & Redfield's Negligence (1898), par. 35; Oil City Gas Co. v. Robinson, 99 Pa. 1; Koelsch v. Phila. Co., 152 Pa. 355; Mann v. Weiand, 81* Pa. 243; Plymouth Twp. v. Graver, 125 Pa. 24; Wood v. Penna. R. R. Co., 177 Pa. 306; Faust v. P. & R. Ry. Co., 191 Pa. 420; Schilling v. Abernethy, 112 Pa. 437; Herr v. Lebanon, 149 Pa. 222; Corbin v. Phila., 195 Pa. 461; Enright v. Pittsburg Junction R. R. Co., 198 Pa. 166; Rachmel v. Clark, 205 Pa. 314; Daltry v. Electric Light, etc., Co., 208 Pa. 403.

OPINION BY MR. JUSTICE FELL, March 6, 1905:

The facts that give rise to the question involved are these: The defendants owned a stone yard which fronted on a main street and extended back to a narrow street on which the children who lived in the vicinity were accustomed to play. Some days before the accident the defendants had placed on the unpaved footway of the back street a number of stones, one of which, three feet long, about six inches wide and three inches thick, was in a slanting position, one end resting on the ground and the other against an electric light pole. One of the plaintiffs, a boy not quite seven years of age, lived with his father, the other plaintiff, on the opposite side of the street. He had seen a policeman strike the pole with his club when the light had accidentally gone out. He suggested to a companion nine years of age that they light the electric light by jarring the pole as they had seen the policeman do. The younger boy placed his arms around the pole and the elder boy, standing on the other side of the pole, drew the upper edge of the stone back and then pushed it forward or let it fall against the pole. While they were thus engaged, a finger of the younger boy got between the stone and the pole and was injured.

The jury were instructed that the use of the footway for the storage of stone was unauthorized, and that if the situation

at the time was such as would have caused a reasonably prudent person to apprehend danger to an adult or child, the defendants were negligent and a verdict might be rendered against them.

A finding of negligence in placing the stone against the pole in the footway was not conclusive against the defendants. There still remained the question whether their negligence was the proximate cause of the injury. On this the case turned. If we assume that the defendants had no right to place the stone on the footway and were negligent in so doing, they were liable only for the natural and probable consequences of the wrongful act. An injury occasioned by the stone falling on a person passing, or by its being pushed over by children playing on the street, would have been a direct consequence of the defendants' act and one which they were bound to foresee. But the plaintiff's injury was the immediate consequence, not of the position of the stone as placed by the defendants, but of the independent, intervening act of the plaintiff's companion in making a use of the stone not reasonably to have been foreseen. If the stone had been flat on the ground and the injury had resulted from an attempt to lift it, or had it been a smaller stone which the boy could have taken in his hand and the injury had resulted while he was pounding the pole with it, the want of causal connection between the act of the defendants and the injury would not have been more clear. The plaintiff's injury could not reasonably have been contemplated as a result of the defendants' act in placing the stone on the footway. It was caused by the wholly unrelated and unforseen act of another. The case is unlike that of Rachmel v. Clark, 205 Pa. 314, where the owner of a slate factory negligently permitted a slab of slate to stand on the pavement, or on ground so close to the building line as not to be distinguished from the pavement, in such position that it fell on a boy who leaned against it.

The judgment is reversed and judgment is now entered for the defendants.