## Kreiner v. Straubmüller, Appellant.

*Negligence—Sidewalk—Barrels on sidewalk—Infants.*

Those controlling property on, or immediately adjacent to, a public highway must have regard to the reckless and thoughtless tastes and traits of childhood. The owners of premises are required in such cases to anticipate that children may use the highway, and in so doing be exposed to any unsafe object placed thereon.

Where the owner of a brewery piles beer barrels on a sidewalk, and

keeps them there without in any way being secured, and in such a way as to invite children to climb thereon, and a child five years of age is in consequence injured, he is liable for the injuries sustained.

Argued Oct. 17, 1905. Appeal, No. 40, Oct. T., 1905, by defendant, from order of C. P. No. 2, Phila. Co., Sept. T., 1902, No. 3,723, dismissing exceptions to report of referee in case of George J. Kreiner, by his next friend and mother, Josephine C. Kreiner, and Josephine C. Kreiner, in her own right, v. Joseph. Straubmüller. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries to a child five years old.

Exceptions to report of Chester N. Farr, Esq., referee.

From the report of the referee it appeared that George J. Kreiner, a child about five years old, was injured in June, 1902, while at play on a pyramidal pile of beer barrels placed by defendant on a sidewalk adjoining his brewery. It appeared that the defendant was in the habit of piling barrels at the point in question, and keeping them there.

The referee found specially as follows :

The referee finds further as a fact that the pile of barrels was of such a character that the defendant should have reasonably anticipated that children would climb upon them in their play ; and furthermore, that the manner of piling was such as to render it dangerous to children who would be tempted by playful instincts to climb upon the pile. The referee is of the opinion that proof to the effect that the manner of piling the barrels was unsafe is not necessary. The manner was obviously unsafe if children might be expected to climb upon the pile, and in his opinion it is immaterial whether the barrels could have been piled in any safer manner or not, for even if this were the only manner in which they could have been piled, there is no evidence that there was the slightest necessity to pile them on the sidewalk. The referee accordingly finds that the act of the defendant in so piling the barrels was a negligent act and was the cause of the injury to the plaintiff, George J. Kreiner ; that the plaintiff, George J. Kreiner, cannot be chargeable with contributory negligence by reason of his tender years.

The referee assessed the damages at $1,500 in favor of the plaintiff.

*Errors assigned* were in dismissing exceptions to the referee's report.

*Frank P. Prichard*, with him *James Wilson Bayard*, for appellant.—The true test, it is submitted, is not whether the object is permanent or temporary, but whether it is so placed either on or near the highway that children using the highway for play may by running or leaning against it or by incidentally jarring it either fall into it or cause it to fall upon them.    This distinction will reconcile all the cases: Marsh v. Giles, 211 Pa. 17.

The owner of property is bound to make it safe for ordinary users of the highway, and such users include children playing upon it.    Where, however, the property is safe as regards ordinary users, the owner is not bound to make it secure for extraordinary use either for adults or children: Rodgers v. Lees, 140 Pa. 475; Guilmartin v. Philadelphia, 201 Pa. 518.

If a man piles barrels on the highway he is bound to pile them so that they will not topple over on children who run or push against them, but he is not bound to pile them so that they will bear the weight of a boy who climbs to the top.

*Howard A. Davis*, with him *John T. Murphy*, for appellee.— It is well settled that people who live along a city street have the right to use the sidewalk and highway for the purposes of their business temporarily.    They have no right to use it permanently or to obstruct it for an unreasonable length of time.    If they do obstruct it for an unreasonable length of time they become trespassers ab initio: Commonwealth v. Passmore, 1 Sergeant & Rawle, 217; Palmer v. Silverthorn, 32 Pa. 65; Mallory v. Griffey, 85 Pa. 275; Vallo v. United States Express Company, 147 Pa. 404.

It has been held in a number of cases in various states that children have the right to use the streets of a great city for play and it is the duty of those who use the streets for any purpose to so conduct themselves that children who play thereon may not be tempted into danger while following their natural

instincts: Kunkel v. Chicago, 37 Ill. App. Ct. 325; Quincy Horse Railway, etc., Co. v. Gnuse, 38 Ill. App. Ct. 212; Gulline v. Lowell, 144 Mass. 491 (11 N. E. Repr. 723); Graham v. Boston, 156 Mass. 75 (30 N. E. Repr. 170); Earl v. Crouch, 10 N. Y. Supp. 882; Hyland v. Burns, 10 Appellate Div. Rep. 386 (41 N. Y. Supp. 873); Schilling v. Abernethy, 112 Pa. 437.

OPINION BY HENDERSON, J., March 12, 1906:

It is a well established rule that those controlling property on, or immediately adjacent to, a public highway must have regard to the reckless and thoughtless tastes and traits of childhood. The owners of the premises are required in such cases to anticipate that children may use the highway, and in so doing be exposed to any unsafe object placed thereon. They are bound to know that young children are likely to be at play on the streets, and to make use of objects attractive for their exploits and games, and this responsibility has been held to attach in some cases where the offensive object was wholly upon the property of the defendant, and where the children injured were trespassers, as in Hydraulic Works Company v. Orr, 83 Pa. 332, and Duffy v. Sable Iron Works, 210 Pa. 326. " Children, wherever they go, must be expected to act upon childish instincts and impulses; others, who are chargeable with a duty of care and caution toward them, must calculate upon this and take precautions accordingly. If they leave exposed to the observation of children anything which would be tempting to them, and which they in their immature judgment might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken : " Chief Justice COOLEY, in Power v. Harlow, 57 Mich. 107 (23 N. W. Repr. 606). Circumstances may beget duties which would not ordinarily be implied, and when they are shown to exist the questions arising are questions of fact, not of law : Schilling v. Abernethy, 112 Pa. 437. The decision in Hydraulic Works Co. v. Orr, 83 Pa. 332, has been criticised, and the soundness of its reasoning is stoutly combated by Chief Justice MITCHELL, in the dissenting opinion in Duffy v. Sable Iron Works, 210 Pa. 326, but solely on the ground that a landowner is not liable for an injury to a trespasser from an excavation or obstruction on his

own land, unless it is so near the public highway that a traveler lawfully using the highway may accidentally or without intended trespass fall into it. All of the cases agree that where the object is upon the highway and is of such a character that it should have been reasonably anticipated that it would be used by children in the course of their play, and that owing to its position, form or condition it would be dangerous to them when so engaged, the owner would be guilty of negligence if he failed to guard against the contingency of accident. This principle is recognized in Rodgers v. Lees, 140 Pa. 475, and Guilmartin v. Philadelphia, 201 Pa. 518, upon which the appellant relies. In the former case the child who was killed was a trespasser, and engaged in an act which was obviously dangerous. The object to which he clung was moving at the time, and his act was one which ordinary prudence might not have foreseen. In the latter case the child was injured by a falling gate on which he had climbed. The city was not required to anticipate dangers resulting from the improper use of objects safe in themselves, and for the use for which they are designed. In the same case, however, it was said : " If an object was in itself dangerous or might become dangerous if a child chanced to set it in motion while playing with it, or by running against it, there was a duty on the city to take such precaution as was reasonable, under the circumstances, to prevent injury by it." Marsh v. Giles, 211 Pa. 17, turned upon the point that the act of the defendant in placing the stone against the pole was not the proximate cause of the injury ; that that was the immediate consequence of the intervening act of the plaintiff's companion in making a use of the stone not likely to have been anticipated. The injury could as well have occurred if the plaintiff's companion had used a billet of wood or a stone picked up from the ground. The question presented to the referee at the trial below was whether the action of the children in playing upon the pile of barrels was one of the things which might have been expected to occur, and against the disastrous result of which the defendant was bound to guard. This question was one of fact. The defendant was not authorized to use the sidewalk as a place for storage of barrels. They were not there temporarily in the course of transfer from the street to the brewery, or from the brewery

to the street.   The same barrels did not remain all the time, but the evidence tends to show that barrels of the same character were kept there much of the time in the prosecution of the defendant's business.   This use of the street being unlawful, he has not the excuse that he was in the exercise of his own right in so obstructing the highway.   The plaintiff was scarcely more than five years of age.   He had slipped away from the home of his aunt, who had temporary care of him, while she was engaged in the house and was injured within a very short time thereafter.   The playful instincts of himself and his companions took them to the place, and it does not seem improbable that they should have done just what was done.   The barrels were empty, were not in any way secured, and were so arranged in tiers as to invite the children to the enterprise in which they engaged.   The referee found that the pile of barrels was of such a character that the defendant should have anticipated that children would climb upon them in their play, and that the manner of piling was such as to render it dangerous to children who would be tempted to play thereon.   This finding is warranted by the evidence and is conclusive against the defendant.   It cannot be declared as a matter of law that children of such tender age would not be tempted in their plays to climb to the top of the pile, nor is there anything in the facts to indicate that they must have seen that such action was manifestly dangerous.   Some situations might be obviously dangerous to persons of their years, as the track of a railroad when a train is at hand, or the middle of a highway when a rapidly moving team is closely approaching, or the ascending ball in Marsh v. Giles, but we have nothing of that kind here. .It was not unlawful for the children to play upon the street, and it cannot be said that they had no business there.   The owner of the premises owed them the duty to provide against the consequences of their inexperience and youthful inclination to play upon his property placed on the sidewalk in a position which might attract them.   The referee arrived at a satisfactory conclusion on the evidence presented, and the facts being established the law declares the liability.

The judgment is affirmed.