## McCarron v. Philadelphia, Appellant. (No. 1.)

*Negligence—Municipalities—Infant—Flagstone in street—Contributory negligence of parents.*

1. Where a city permits a flagstone to stand for several months on edge against the abutment of a bridge, in a cul-de-sac of a public street where children are in the habit of playing, and the stone falls upon a four-year-old child while at play, the city is not entitled to binding direction that there is no evidence of its negligence to go to the jury.

2. In such a case the parents of the child cannot be charged with contributory negligence as matter of law where it appears that they were in humble circumstances, that at the time of the accident the child was playing with older children, and that the place of the accident although in fact and name a public street, was not used in any way by vehicles or street cars, or by any other agency calculated to do damage.

Argued Dec. 20, 1910. Appeal, No. 199, Oct. T., 1910, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1908, No. 5,417, on verdict for plaintiff in case of Charles McCarron, by his father, John J. McCarron, v. City of Philadelphia. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries to a child four years old.

CARR, J., stated the facts to be as follows:

This was a suit brought to recover damages for injuries suffered by Charles McCarron, a minor. The accident happened on March 11, 1908, and he was about four years of age. A flagstone four feet long, three feet wide and two to three inches thick, fell upon him in Bonsall street, about fifty feet from his home. Bonsall street runs north and south between Twenty-third and Twenty-fourth streets, and from Walnut street to Sansom street, where the south end is closed by the abutment of the Walnut street bridge. Prior to its construction Bonsall street was an open street through Walnut street.

From the north pavement of the Walnut street bridge at Bonsall street a pair of wooden steps have been built, which open east and west on the bridge pavement, and descend about half way down the side of the abutment of the bridge to a wooden platform, and then one step descends to the ground opening to the north.  The steps and platform are supported by uprights which rest upon the bed of Bonsall street.  About two or three months before the accident the flagstone, some sand and new bricks or pipe had been deposited by a city contractor, the stone being placed upon end, leaning against the abutment of the bridge.  Four men lifted the flagstone from a wagon.  Bonsall street is paved with brick, and the stone was placed on the east brick sidewalk. .

Small houses, sixteen feet front, in one of which the plaintiffs lived, are upon the west side of Bonsall street, and upon the east side are the back gates and yards of houses which front upon Twenty-third street.  The pavement upon which the flagstone rested belongs to the northeast corner of Twenty-third and Walnut streets, the lot of which extends about eighty feet north from Walnut street.  The flagstone stood about three feet from the wall of that building, and about the same distance from the steps.

Bonsall street is opened upon the city plan and is used, not only by the occupants of the houses, but also as a thoroughfare for travelers from Walnut street going to or from the Baltimore and Ohio station at Twenty-fourth and Samson streets.

No car tracks are upon the street, which is about thirty feet between the house lines, and it is used also by tradesmen making deliveries at the gates of the houses fronting on Twenty-third street.  When the stone lay flat upon the pavement it reached to the end of the steps, so that persons using them could have tripped over it.

The accident happened about half past four in the afternoon, and the plaintiff, John McCarron, the father, was seated inside his door, which was No. 134 South

Bonsall street, or about fifty feet from the stone. The stone fell upon the boy's arms, and his head, coming in contact with it, was injured, the mother being also in the house at the time. The flagstone was standing almost straight with the wall, and the bottom, the inside from the stone, was about three or four inches from the wall, and resting on the sidewalk had sunk the brick pavement. The depression in the brick pavement was more than two inches. Children had played in the sand around it after the stone had been left there. The sand had been about half a wagon load, but about a week prior to the accident some sand, the clay pipe and the new brick had been taken away, but the flagstone and some of the sand remained. At the time five or six children were playing around the sand, near the flagstone, and it was a bright, sunny day. About three buckets of sand were left around the flagstone.

How the accident happened appears from the testimony of one of the children, Thomas Edwards, who at the time of the trial was eight years of age. He and the plaintiff, Charles, and their sisters were playing together, and the witness was at the corner of the steps, and they were making a pile of sand, and "as soon as he (Charles) went to scrape it up, he put his hand up to that thing, and the thing fell down. . . . He was playing with sand, and he was up against the wall, and as soon as he went to put his hand on it, it just slipped down on his two hands and his head. The stone slipped down."

Verdict and judgment for Charles McCarron for $1,500, and for John J. McCarron for $500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Charles E. Bartlett,* assistant city solicitor, with him *J. Howard Gendell,* city solicitor, for appellant.—No negligence was shown: Marsh v. Giles, 211 Pa. 17; Guilmartin v. Philadelphia, 201 Pa. 518; Oil City & Petroleum Co. v. Jackson, 114 Pa. 321.

The parents were negligent: Johnson v. Railway Co., 160 Pa. 647; Woeckner v. Erie Electric Motor Co., 182 Pa. 182; Glassey v. Ry. Co., 57 Pa. 172; Cauley v. Ry. Co., 95 Pa. 398; Hampton v. Bridgeport Boro., 6 Lanc. Law Rev. 25; Westerberg v. R. R. Co., 142 Pa. 471.

*August Trask Ashton*, with him *Victor Frey*, for appellees.—There was no contributory negligence of the parents: Philadelphia & Reading R. R. Co. v. Long, 75 Pa. 257; Dunseath v. Traction Co., 161 Pa. 124.

OPINION BY RICE, P. J., March 3, 1911:

The facts of this case are clearly and accurately stated by the learned trial judge in his opinion overruling the defendant's motions for a new trial and for judgment non obstante veredicto, and need not be restated by us. It is contended that the stone was not in a position where any one using the street would have occasion to go, and, therefore, the court should have charged that the allegation that the city was negligent in permitting it to remain was not sustained. As there was abundant evidence of constructive notice to the city of the conditions that had existed for two months, the affirmation of this proposition would necessarily involve the conclusion, either that the city owed no duty to the public in respect of that part of the street, or that the happening of the accident by which the plaintiff was injured was an extraordinary occurrence, which the city in the exercise of reasonable care could not be expected to foresee and provide against. Neither of these conclusions can be sustained as a proposition of law. While the place where the stone stood was not in the direct line of travel of those ascending or descending the steps leading to the Walnut street bridge, yet it was part of the paved highway and was legally dedicated and actually open to such lawful use by the public as there might be occasion for. Therefore, the duty of the city was not restricted to the safeguarding of the highway against injury to persons having occasion to go up or down the

steps, but included the maintenance, in a safe condition, of the part of the pavement at the side of the steps, having regard to the lawful use of the same which might reasonably be anticipated. This was not a mere matter of speculation. The testimony is uncontradicted that children found this an attractive place and played in the sand around the stone from the time it was placed there. It is to be observed further, that the stone was not placed there lawfully. It was not only an unlawful encroachment on the highway, but, according to the testimony, it was placed in such a way that the child was able to topple it over on himself. The child was not a trespasser, and no independent intervening cause was shown. As matter of law, a duty of exercising care according to the circumstances rested on the city, and there was ample evidence to sustain a finding of fact that the dangerous condition might have been ascertained by the city, and the accident that ensued from it might have been foreseen and prevented if due care had been used. The distinction between the case and those relied on by the appellant is clearly pointed out by the learned trial judge in his opinion, and we need not go over the ground again. We all concur with him in the conclusion that the question of the defendant's negligence could not have been withdrawn from the jury.

But it is argued that instructions should have been given that the parents were barred of recovery by their contributory negligence in permitting a child of this age to be upon the street unattended. As to whether the parents permitted the child to go upon the street, there is no affirmative evidence. If the fact of such permission is to be assumed in the disposition of this appeal, it must be upon the ground that their permission is to be presumed from the fact that he was upon the street. Grant this presumption. Does it necessarily follow that the court should have declared, as matter of law, that the parents were guilty of contributory negligence? In determining that question the fact must not be overlooked that the child

was not, strictly speaking, unattended. It is true he was not in the care of a nurse; but he was in the company of older children. It is to be observed further, that the circumstances of the parents were not such as to enable them to have the services of a care taker for the child whenever he went outside their door. Moreover, the apparent dangers to a child, even of the age of this one, were not great. Upon this subject we repeat what the learned trial judge says: "Although it was in fact and name a public street, yet no place could have been safer from the ordinary dangers to children of tender years making use of a public street as a playground. Upon the east side there were no houses, and it was a cul de sac with steps mounting to Walnut street. It was used neither by street railways, automobiles, bicycles, ice wagons nor any other agency calculated to do damage, and it was a bright sunny afternoon in the early spring tempting a child to play out of doors; and the father was in humble circumstances, being the owner of a milk route, and unable to employ nursemaids to assist his wife in the cares and the responsibilities of parentage." If there can be a case in which it would be proper to submit the question to the jury, whether the parents exercised care according to the circumstances, this is such a case. Undoubtedly the conditions might be such that it would be the duty of the court to declare, as matter of law, that the parents were guilty of contributory negligence. But, having regard to the special and peculiar conditions existing here, we think the court committed no error in submitting the question to the jury.

All of the assignments of error are overruled, and the judgment is affirmed.