## Carpenter, Appellant, *v.* Miller & Son.

*Negligence—Explosives—Dealer in fireworks—Depositing refuse on dumping ground—Children—Proximate cause—Intervening act.*

1. A wholesale dealer in fireworks who has the refuse accumulating at his place of business put into barrels and deposited on a dumping ground, paying the lessee of the ground for the privilege, is not liable in damages to a twelve year old boy who goes on the dumping ground, picks out of the deposit a piece of fireworks, carries it to his home

some distance away, and later in the day, after dark, lights it, and is injured by a resulting explosion.

2. In an action to recover damages for personal injuries the plaintiff is not entitled to a recovery where the injury could not reasonably have been contemplated as the result of any act of the defendant but resulted from an independent, intervening act of the plaintiff.

Argued March 23, 1911.   Appeal, No. 46, Jan. T., 1911, by plaintiffs, from judgment of C. P. No. 5, Phila. Co., June T., 1904, No. 3,295, on verdict for defendant in case of Andrew Carpenter and Charles F. Carpenter, by his father and next friend, Andrew Carpenter, v. John M. Miller, trading as John M. Miller & Son.   Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before STAAKE, J.

The facts appear in the opinion of the Supreme Court.

The court directed a verdict for defendant and judgment was entered thereon.

*Errors assigned* were in directing a verdict for the defendant.

*John Weaver*, for appellant.—The case was for the jury: Harriman v. Ry. Co., 45 Ohio St. 11 (12 N. E. Repr. 451); Heaven v. Pender, L. R. 11 Q. B. Div. 503; Pittsburg, C. & St. L. Ry. Co. v. Shields, 47 Ohio St. 387 (24 N. E. Repr. 658); Union Pacific Ry. Co. v. McDonald, 152 U. S. 262 (14 Sup. Ct. Repr. 619); Powers v. Harlow, 53 Mich. 507 (19 N. W. Repr. 257).

*Morton Z. Paul*, for appellee.

OPINION BY MR. JUSTICE BROWN, July 6, 1911:

The material facts in this controversy are not in dispute.   The appellee was a wholesale dealer in confections, and, in connection with that business, dealt in fireworks. The refuse which accumulated at his place of business was put into barrels and taken to and deposited on a

dumping ground leased by a man named Ludlow, who charged for the privilege of depositing it upon his lot. Children in the neighborhood of the lot used it as a playground against the protest of the lessee, who testified that, notwithstanding all he had done to keep them off, they were continually upon it. On July 24, 1902, an employee of the appellee took a wagonload of refuse from his store to this dumping ground and deposited it there, after paying the usual price for doing so. Charles F. Carpenter, the injured appellant—then twelve years of age—and two companions picked out of this deposit candy and fireworks. Young Carpenter took from it a piece of fireworks known as a "flowerpot." He carried this to his home, some distance away, and later in the day, after he had eaten his supper and it had become dark, accompanied by a younger brother, took it to a stone wall and lighted it. An explosion followed, which resulted in the injuries for which compensation is sought in this action. A verdict was directed for the defendant, and from the judgment upon it there followed this appeal.

The dumping by the appellee of refuse containing fireworks on a lot where boys gathered to play is the negligence of which the appellant complains. Whether his doing so was negligence is a question upon which we need not pass, as it clearly appeared that the direct, proximate cause of the injuries sustained was something else. Under the uncontradicted testimony, the refuse, as soon as deposited upon the ground, became the property of Ludlow. In addition to receiving a stipulated sum for the privilege of depositing it, whatever was in it became his property as soon as it was deposited on the lot. Counsel for the appellee contends, and with reason, that after the refuse was thus sold to Ludlow, he alone was responsible for what was done with it. But on this we need not dwell. In dumping the refuse on the lot no injury was done to the boy. After it had been dumped on the lot nothing in it injured him there, and nothing in it would have injured him elsewhere if he had left it alone. Instead of doing so

he and his companions dug out of it candy and fire-works; but in digging these out no injury was done to any one of them. Nothing done or left undone by the appellee caused injury to the boy on the lot where the alleged negligent act was committed. After taking out the flowerpot he carried it to his home, without informing his parents that he had it, and, without their knowledge, later in the day took it to a stone wall for the purpose of lighting or setting it off. This he did, and the very serious consequences complained of followed from his act.

There was nothing unlawful or unusual in appellee's dumping refuse upon the public dumping ground. He did what is and has been constantly done in all thickly settled communities. In all rubbish heaps on dumping grounds there are to be found rusty iron, broken knives, bottles and glass and innumerable other useless articles, always likely to cause injury to boys who may dig them out and handle them, but it has never yet been held that one who thus does what is usual and customary is guilty of any negligence. Though there were unexploded fire-works in the refuse deposited by the appellee, they could have caused no injury unless fire was applied to them, while all the other articles enumerated might have caused injury without any intervening agency. The appellant and his companion might have handled the flowerpot on the premises without the slightest danger of any injury to them unless they lighted it. The injury to young Carpenter was not the immediate consequence of the deposit of the refuse on the dumping ground, but resulted from his independent, intervening act in taking the flowerpot from his home, to which place he had safely carried it, and setting fire to it sometime afterwards. His injury could not reasonably have been contemplated as the result of the appellee's act in placing the rubbish on the lot. The boy's own act was the direct, proximate cause of his injuries: Marsh v. Giles, 211 Pa. 17.

The assignments of error are overruled and the judgment is affirmed.