## Houck *v.* Webster, Appellant.

*Negligence—Infant—Injuries by fire—Open lot.*

The act of an owner of a vacant city lot in granting permission to another person to dump waste material into excavations in the lot so as to bring the ground to established grades of streets, will not render the owner liable for injuries to a child from burns received while playing on the lot, where it appears that a third person who was neither an employee or agent of the owner, nor of the person to whom the dumping privilege had been granted, dumped pitch on the lot and set fire to it, without taking any precaution to guard from injury the boy who was playing in the immediate vicinity of the fire.

Argued Oct. 11, 1916. Appeal, No. 89, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., Feb. T., 1915, No. 178, on verdict for plaintiff in case of James P. Houck, by his father and next friend, John H. Houck, and the said John H. Houck in his own right, v. Edmund Webster. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and WILLIAMS, JJ. Reversed.

Trespass for personal injuries. Before KNOWLES, J.

At the trial it appeared that the plaintiff, James P. Houck, was a child eight years old when he was burned while playing on a vacant lot owned by the defendant at Thirty-third and Tasker streets, in the City of Philadelphia.

Verdict and judgment for James P. Houck for $150, and for John H. Houck for $200. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*F. B. Bracken,* for appellant.—The averment of the statement of claim, that the fire was started with the knowledge and consent of the defendant, was not estab-

lished, but was the result of the act of a stranger, over whom he had no control, and for whose negligent acts he was not responsible. The case of Carpenter v. Miller, 232 Pa. 362, is directly in point. See also Thompson v. Baltimore & Ohio R. R. Co., 218 Pa. 444; Gillespie v. McGowan, 100 Pa. 144; Marsh v. Giles, 211 Pa. 17; Ross v. Chester Traction Co., 224 Pa. 86.

*John Martin Doyle*, with him *Eugene Raymond*, for appellee.—The defendant's liability is established by a long line of cases: Henderson v. Continental Refining Co., 219 Pa. 385; Millum v. Lehigh, Etc., Coal Co., 225 Pa. 214; Walsh v. Pittsburgh Ry. Co., 221 Pa. 463; Duffy v. Sable Iron Works, 210 Pa. 326; O'Leary v. Pittsburgh, Etc., R. R. Co., 248 Pa. 4; Counizzari v. Philadelphia & Reading Ry. Co., 248 Pa. 474; Rachmel v. Clark, 205 Pa. 314.

OPINION BY PORTER, J., July 13, 1917:

There is no doubt, under the evidence, concerning the material facts in this dispute. Edmund Webster, the appellant, was the owner of a large lot of ground, containing a full city square, from which the clay suitable for the manufacture of bricks had been excavated. He had for many years been a member of a firm which conducted a brick manufactory in the neighborhood, but had several years before the occurrence out of which this litigation arose, retired from the firm and ceased to have any connection with the manufactory. Andrew Black was the superintendent of the brick manufactory carried on, at some distance from the lot in question, by those who succeeded to the business after the retirement of Webster. The excavation of the clay from the lot had left the ground below the established grades of the surrounding streets, three of which were unopened. In the year 1911 Black obtained from Webster the privilege of filling in the lot, the only testimony as to the arrangement between them was that of Black who said: "I

asked him if I could have the privilege of filling it in, and he said 'Yes, if you make any money out of it, go ahead.' " He also testified that he did not pay Webster anything for the privilege. Black received money for permitting the Barrett Manufacturing Co. and several others to dump materials upon the lot, which was thus being gradually filled up to grade. In March, 1913, a man named Cabriski, a huckster by occupation, driving a wagon which had his name painted on the side, dumped the contents, containing pitch or tar, on the lot and set fire to it, and, so far as indicated by the evidence, left without taking any precaution to guard the minor plaintiff, who was then eight years of age, and another boy playing in the immediate vicinity, from injury by the fire. After the pitch had been burning for some minutes it began to splash and some of it flew into the face of the plaintiff, causing the injuries, to recover for which this action was instituted. There was a verdict and judgment in favor of the plaintiff in the court below, from which we have this appeal.

There was nothing unusual or unlawful in the action of the appellant in giving Black the privilege of filling up the lot to grade, nor in the action of Black in permitting earth and refuse to be dumped into the depression. They were doing what is and has constantly been done in the not too densely populated portions of cities. All dumping grounds contain materials which may cause injury to boys who dig them out and handle them, but it has never yet been held that one who thus does what is usual and customary is guilty of negligence. In dumping the refuse on the lot no injury was done to the minor plaintiff. Under the uncontradicted testimony it clearly appeared that the direct, proximate cause of the injuries sustained was the action of Cabriski in setting fire to the pitch, after it had been dumped, and then failing to keep the boy away from the fire. There was not a scintilla of evidence which would have warranted a finding that Cabriski was the employee of this appellant or

of Black.   He may have been a mere trespasser upon the lot.   It is suggested by the learned counsel for the appellees that the jury would have been warranted in finding that Cabriski was the employee of the Barrett Manufacturing Co., to whom Black had sold the privilege of dumping, for the reason that the material dumped was pitch or tar, but even if that were true, this appellant would not be liable for the negligence of the employee of the Barrett Manufacturing Co., in starting the fire when the boys were present.   The injury to the plaintiff could not reasonably have been contemplated as the result of the act of the appellant in permitting materials to be dumped on his lot.   If there was any negligence it was that of Cabriski, for which the evidence did not establish that this appellant was answerable: Gillespie v. McGowan, 100 Pa. 144; Marsh v. Giles, 211 Pa. 17; Thompson v. B. & O. R. R. Co., 218 Pa. 444; Carpenter v. Miller & Son, 232 Pa. 362.   The appellant was entitled to the binding instruction for which he prayed and the motion for judgment non obstante veredicto ought to have prevailed.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the defendant non obstante veredicto.