# Farbarik *v.* Jones, Appellant.

*Negligence—Infants—Fall of heavy object on child while playing in school yard.*

In an action against a contractor for installing heating apparatus in a public school, a recovery may be had for injuries to a child seven years old, where the evidence tends to show that the defendant left standing in the school yard which was used as a playground, three radiators, each of large size, and weighing almost six hundred pounds, in such a manner that each radiator stood on its narrow base upon a sloping pavement so that it was liable to be thrown over by children while playing about it, and

that one of the radiators fell and injured the child in question while he and three other children were playing around it.

Argued May 1, 1917. Appeal, No. 26, April T., 1917, by defendant, from judgment of C. P. Allegheny Co., July T., 1916, No. 507, on verdict for plaintiff in case of John Farbarik in his own right and as father and next of kin of Henry Farbarik, a minor, v. William C. Jones. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass in the County Court to recover damages for injuries to a child seven years old.

From the record it appeared that Henry Farbarik was injured on the afternoon of January 8, 1915, while playing in the school yard of a public school building in Turtle Creek Borough. At the trial in the County Court the plaintiffs recovered a verdict. On appeal to the Court of Common Pleas it was ordered that judgment be entered in the County Court for plaintiffs. The circumstances of the accident are stated in the opinion of the Superior Court.

*Error assigned* was the judgment of the court.

*A. M. Thompson,* of *Gray, Thompson & Rose,* for appellant.—Unless the doctrine of res ipsa loquitur is extended to apply to this case and negligence is inferred by reason of the happening of the accident, we contend that there was no evidence in the County Court sufficient to warrant sending this case to the jury: Guilmartin v. Philadelphia, 201 Pa. 518; Oil City, Etc., Bridge Co. v. Jackson, 114 Pa. 321; Finkbeiner v. Solomon, 225 Pa. 333; Marsh v. Giles, 211 Pa. 17.

*Elder W. Marshall,* for appellees.—The mere fact that the radiator was left in such position that small children, in their play, were able to topple it over, was of

itself proof of negligence: Rachmel v. Clark, 205 Pa. 314; McCarron v. Philadelphia, 46 Pa. Superior Ct. 145; Marsh v. Giles, 211 Pa. 17.

OPINION BY PORTER, J., July 13, 1917:

This action is brought to recover damages for injuries to a child, who at the time of the accident was seven years of age. There is but one question involved in this case and that is whether there was sufficient evidence to warrant the submission to the jury of the question of the negligence of the defendant. The defendant had a contract for installing certain heating apparatus in a public school building in the Borough of Turtle Creek, and in the progress of the work left standing in the school yard three radiators, which were intended to be later placed in the building. The radiators were thirty-one inches high, forty-two inches long and nearly ten inches wide. The part of the yard upon which the radiators were placed was paved with cement and for purposes of drainage had a slope downward from the building. The radiators were left standing in an upright position. The plaintiff produced evidence which warranted a finding that the radiators were placed upon their narrow bases with their length extending across the slope and not with it, thus leaving one side of the narrow base of the radiator lower than the other side. After the radiators had been in this position for a number of days, the child and three companions of about the same age were playing in the school yard and around these radiators, when one of the latter fell on and injured the minor plaintiff. The school yard was, if the testimony of the witnesses for the plaintiff is to be believed, used as a playground by the children of the neighborhood. The plaintiff also produced evidence tending to establish that if the radiators had been laid on their sides, instead of being permitted to stand on their narrow bases on the sloping pavement, the accident could not have happened. There was no evidence tending to establish definitely the manner in which the

radiator was toppled over upon the plaintiff. The four boys were at the time playing about the radiators and it is probable that some one of them may have run against or pushed the one which fell.

In passing upon the question here presented we must accept the testimony of the witnesses produced by the plaintiff as true. We have then a case where a heavy object having a narrow base is left standing upon a sloping pavement, in a public school yard used as a playground by children, in such a position that it is liable to be thrown over by children while playing about it. Children must be expected to act upon childish instincts and impulses; others who are chargeable with the duty of care and caution toward them must recognize this, and take precautions accordingly. When the defendant placed the radiators in the school yard, to which children had access and where they played, it was his duty to put them in a position from which danger to the children could not be reasonably apprehended. The articles were of such a character and were so located that the defendant should have reasonably anticipated that children would climb upon them in their play. The evidence of the plaintiff as to the manner in which the radiator was placed, taken in connection with the fact that an object weighing almost six hundred pounds was toppled over by the pranks of four small children at play, was sufficient to warrant the jury in finding that the radiators had been placed in a position which involved danger to the children frequenting the playground. This evidence rendered it incumbent upon the court to submit the question of the negligence of the defendant to the jury: Rachmel v. Clark, 205 Pa. 314; Marsh v. Giles, 211 Pa. 17; Kreiner v. Straubmuller, 30 Pa. Superior Ct. 609; McCarron v. Philadelphia, 46 Pa. Superior Ct. 145. The specification of error is dismissed.

The judgment is affirmed.