Margaret Laurberg, by Peter Laurberg, her Father and Next Friend, Plaintiff in Error, v. David Goldman, Defendant in Error.

### Gen. No. 8,092.

Opinion filed February 3, 1930.

HALL & DUSHER, for plaintiff in error.

WELSH & WELSH, for defendant in error.

MR. JUSTICE JETT delivered the opinion of the court.

Margaret Laurberg, by Peter Laurberg, her father and next friend, plaintiff in error, hereinafter referred to as plaintiff, instituted suit in the circuit court of Winnebago county against David Goldman, defendant in error, hereinafter referred to as defendant, to recover damages occasioned to her on account of the loss of an eye by reason of the explosion of a certain glass tube, which she was handling.

The declaration consists of two counts. In the first count the plaintiff avers that on to wit, April 18, 1925, the plaintiff was a child of 14 years, living with her parents and attending school; that the defendant was possessed of certain containers or tubes, which contained certain explosive chemicals, which if left exposed and in the open and unprotected, so that children could play therewith, were liable to explode and cause injury to children who might be playing therewith; that on said date defendant negligently and carelessly dumped said containers containing chemicals as aforesaid, into one of the city dumps of the City of Rockford, located along Kishwaukee Street, in a populous part of the City of Rockford, in which community there were a number of children; that the defendant negligently and carelessly left said tubes or containers in said city dump, unguarded and unprotected; that prior to that time for a long space of time the children in the neighborhood had been in the habit and accustomed to wandering into said dump and examining the articles dumped therein, and playing with such as were suitable with which to play; that said tubes were left in said city dump so that they were readily accessible to said children; that certain children were then and there playing in and about said dump and began to play with certain of said tubes and containers; that upon throwing the same or otherwise playing therewith, the tubes exploded and caused loud noises; that the same were very attractive to children in their play; that the plaintiff went to said dump and picked

up one of said containers or tubes and attempted to look at it and examine it, and as she did so the tube exploded, caught fire and the fire therefrom shot quickly into her eye, and that by and on account of said explosion, certain pieces of glass and other material were forced against and into her eye and thereby the sight of one of her eyes was lost; that plaintiff was in the reasonable care for her own safety; that the defendant knew, or if he had exercised reasonable care, would have known that said containers or tubes were explosive, and that children were in the habit of and accustomed to playing in said city dump, or where said tubes and containers were dumped by the defendant, and that children would likely play therewith.

There was an averment of pain and suffering; the damages were laid at $10,000.

The second count of the declaration was substantially like the first except it charged that the conduct of the defendant was wilful and wanton, and because of said wilful and wanton conduct the plaintiff was injured.

To the declaration the defendant pleaded the general issue. A jury was impaneled and the evidence heard on the part of the plaintiff, and at the close of the plaintiff's case, the court, on motion of the defendant, instructed the jury to find the defendant not guilty. Motion for a new trial was made, argued and denied; judgment was rendered on the verdict against the plaintiff for costs and in bar of her action. From this judgment the plaintiff has prosecuted this writ of error.

The record discloses that David Goldman, the defendant, was at the time complained of, a junk dealer in the City of Rockford; that close to his place of business the municipality of Rockford operated and maintained, in charge of an employee, for that purpose, a public dumping ground. The defendant acquired in his business a number of wooden boxes which con-

tained a number of smaller paper boxes, which paper boxes contained chloride of lime, or ordinary bleaching powder in small glass tubes. The employees of the defendant dumped three truck loads of the wooden boxes, containing the pasteboard boxes, which contained glass tubes, into the public dump. Some children, including the younger brother of the plaintiff, came into the public dump, broke open the wooden boxes and possessed themselves of a number of the small glass tubes, and after playing with them discovered that if they were thrown upon or against hard objects they would break and make a noise. It appears from the evidence that the custodian of the city dump had told the children to stay out of the dump and had used his best efforts to keep them out.

On the day plaintiff received her injury, she went to the dump to call her younger brother who was playing there to come home. Some children when she arrived at the dump were throwing glass tubes on the sidewalk and other places and breaking them; plaintiff picked up some of the tubes and carried them home with her; when she got home she sat down on the front steps of the porch and one of the tubes broke, injuring her right eye.

Carl Bernard Olson was called as a witness by the plaintiff, and among other things testified that he had been in charge of the dump for over three years; that the dump belonged to the City of Rockford; that he was employed by the city; the dump was used by every one; the side of the dump was sloping; the place the boxes were dumped was about 30 feet from the top of the dump; children came from all directions into the dump; that he made an effort from time to time to keep them out; that the wooden boxes were four feet long and three feet wide; the boxes were bound with steel bands; that the children got the tubes that were in the boxes and banged them against the rocks and trees and they made a noise when they broke; the

children who were playing there with these tubes were from less than 8 to 12 years old; that he did not learn what kind of chemical was in the tube; that the dump was about two blocks in size; that there was a drive into the dump from Kishwaukee Street, from Fifth Avenue, and from Fourteenth Avenue; that the defendant dumped the boxes at the top and they rolled down the embankment to the bottom; that the dump was open and children came into it from all directions.

Prof. E. G. Smith of Beloit College testified, that he as a chemist, made an examination of one of the tubes and contents thereof, and found that it contained chloride of lime; commonly known as bleaching powder; that bleaching powder was an unstable compound, and standing over a long period of time from six months to a number of years, depending upon conditions, would break down and give off gases known as chlorine; that if the bleaching powder was confined the gas released would produce a stress in the tubes and in his opinion this condition was what caused the breaking of the tube in the hands of the plaintiff. He also testified that chloride of lime, common bleaching powder, is not an explosive compound or material; that it is a household article sold in grocery stores and elsewhere, and is not listed as an explosive compound, was never marked dangerous in packages in which it was sold, and packages were never marked with red paint.

It is insisted by plaintiff that the court erred in directing the jury to find a verdict of not guilty.

The case of the plaintiff is predicated upon the fact that the placing of the tubes containing the chloride of lime in the public dump, in the City of Rockford, was an act of negligence by the defendant, for which he is liable. The record fails to disclose that the defendant knew or in anywise had knowledge that the tubes containing chloride of lime, which he placed in the city dump, would break, as the evidence shows they did.

The evidence shows that the chemical in question was nothing but chloride of lime, or common bleaching powder, a household remedy, sold indiscriminately in grocery stores, and used very generally by housekeepers; that it is not considered as dangerous and that it is not an explosive compound.

The query is was the injury to the plaintiff the immediate consequence of the dumping of the boxes which contained the chloride of lime in glass tubes, or was it occasioned from her independent act in taking the glass tubes to her home, and in handling the same?

To sustain the position of the plaintiff the evidence must show that the injury to her could reasonably have been contemplated as a result of the act of the defendant in dumping the boxes containing the bleaching powder in the city dump.

In *Carpenter v. Miller & Son*, 232 Pa. 362, 81 Atl. 439 and 36 L. R. A. (N. S.) 932, suit was instituted by the plaintiff Carpenter against the defendant Miller to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The defendant Miller was a wholesale dealer in confections and in connection with his business dealt in fireworks. The refuse which accumulated at his place of business was put into barrels and taken to and deposited on the dumping ground, leased by a man named Ludlow, who charged for the privilege of dumping it upon his lot. The children residing in the neighborhood of the lot used it as a playground against the protest of the lessee, who testified that notwithstanding all he had done to keep them off, they were continually upon it. The defendant took a wagonload of refuse from his store to the dumping ground and deposited it there, after paying the man's usual price for doing so. Carpenter, the injured party then 12 years of age, and two companions picked out of this deposit candy and fireworks. The plaintiff took therefrom a piece of fireworks known as a "flower pot" and carried it to his home some dis-

tance away, and later in the day and after it became dark, accompanied by a younger brother, took it to a stone wall and lighted it. An explosion followed which resulted in injury, for which compensation was sought. In its decision the court said:

"The material facts in this controversy are not in dispute. The appellee was a wholesale dealer in confections, and, in connection with that business, dealt in fireworks. The refuse which accumulated at his place of business was put into barrels, and taken to and deposited on a dumping ground leased by a man named Ludlow, who charged for the privilege of depositing it upon his lot. Children in the neighborhood of the lot used it as a playground, against the protest of the lessee, who testified that, notwithstanding all he had done to keep them off, they were continually upon it. On July 24, 1902, an employee of the appellee took a wagonload of refuse from his store to this dumping ground, and deposited it there, after paying the usual price for doing so. Charles F. Carpenter, the injured appellant—then twelve years of age—and two companions picked out of this deposit candy and fireworks. Young Carpenter took from it a piece of fireworks known as a flower pot. He carried this to his home some distance away, and later in the day, after he had eaten his supper and it had become dark, accompanied by a younger brother, took it to a stone wall and lighted it. An explosion followed, which resulted in the injuries for which compensation is sought in this action. A verdict was directed for the defendant, and from the judgment upon it there followed this appeal.

"The dumping by the appellee of refuse containing fireworks on a lot where boys gathered to play is the negligence of which the appellant complains. Whether his doing so was negligence is a question upon which we need not pass, as it clearly appeared that the direct, proximate cause of the injuries sustained was something else. Under the uncontradicted testimony, the

refuse, as soon as deposited upon the ground, became the property of Ludlow. In addition to receiving a stipulated sum for the privilege of depositing it, whatever was in it became his property as soon as it was deposited on the lot. Counsel for the appellee contends, and with reason, that, after the refuse was thus sold to Ludlow, he alone was responsible for what was done with it. But on this we need not dwell. In dumping the refuse on the lot, no injury was done to the boy. After it had been dumped on the lot, nothing in it injured him there, and nothing in it would have injured him elsewhere, if he had left it alone. Instead of doing so, he and his companions dug out of it candy and fireworks; but in digging these out no injury was done to any one of them. Nothing done or left undone by the appellee caused injury to the boy on the lot where the alleged negligent act was committed. After taking out the flower pot he carried it to his home, without informing his parents that he had it, and, without their knowledge, later in the day took it to a stone wall for the purpose of lighting or setting it off. This he did, and the very serious consequences complained of followed from his act.

"There was nothing unlawful or unusual in appellee's dumping refuse upon the public dumping ground. He did what is and has been constantly done in all thickly settled communities. In all rubbish heaps on dumping grounds there are to be found rusty iron, broken knives, bottles, and glass, and innumerable other useless articles, always likely to cause injury to boys who may dig them out and handle them; but it has never yet been held that one who thus does what is usual and customary is guilty of any negligence. Though there were unexploded fireworks in the refuse deposited by the appellee, they could have caused no injury unless fire was applied to them, while all the other articles enumerated might have caused injury without any intervening agency. The appellant and

his companion might have handled the flower pot on the premises without the slightest danger of any injury to them unless they lighted it. The injury to young Carpenter was not the immediate consequence of the deposit of the refuse on the dumping ground, but resulted from his independent, intervening act in taking the flower pot from his home, to which place he had safely carried it, and setting fire to it some time afterwards. His injury could not reasonably have been contemplated as the result of the appellee's act in placing the rubbish on the lot. The boy's own act was the direct, proximate cause of his injuries. *Marsh v. Giles,* 211 Pa. 17, 60 Atl. 315.

"The assignments of error are overruled, and the judgment is affirmed."

The case of *Carpenter v. Miller, supra,* is similar to the one presented by the record in this proceeding. In some respects it was a stronger case on the part of the plaintiff than the instant case, because fireworks which caused the injury in that case, are known to be more or less dangerous.

We are of the opinion from what is disclosed by the record that the defendant could not be charged constructively with knowledge of the action of chloride of lime, or common bleaching powder, and the evidence fails to show any actual knowledge on his part. The plaintiff has cited a number of cases and relies particularly on *Hallenbeck v. Wander & Sons Chemical Co.,* 189 N. Y. S. 334, which was a chloride of lime case. There is a distinction however between that case and *Carpenter v. Miller, supra.* In the Hallenbeck case, the defendant was the manufacturer of the compound known as bleaching powder or chloride of lime. That is not true in the case we are called upon to decide; the defendant Miller was an ordinary junk dealer and so far as the evidence discloses, had no information relative to the action of the lime, when placed in glass tubes or confined in a receptacle.

We are of the opinion that the injury to the plaintiff was not the immediate consequence of the dumping of the boxes containing the tubes in question, but resulted from her independent intervening act; that her injury could not reasonably have been contemplated as the result of the dumping of the boxes containing the tubes.

In conclusion we are of the opinion that this case falls within the rule announced in *Carpenter v. Miller, supra.*

The judgment therefore, of the circuit court of Winnebago county is affirmed.

*Judgment affirmed.*