## Palmer, Jr. et al. v. Miller N. Broad Storage Company, Appellant.

22

Argued October 2, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*George Gowen Parry,* and with him *Wayland H. Elsbree,* for appellant.

*Frank J. Eustace, Jr.,* and with him *Michael D. Hayes,* for appellee.

OPINION BY TREXLER, P. J., January 28, 1932:

The case was heard by the judge without a jury. Mrs. Turner had some goods in crates on storage in defendant's warehouse and for a consideration, engaged it to deliver them to her third floor apartment. When the workmen of the defendant came to the building in which she lived, they found that the larger pieces would not go through the intervening doors and they took them out of the crates by removing some of the slats and placed the crates on the sidewalk against the wall of the house. The crates occupied most of the narrow sidewalk, the largest one which caused the injury about to be referred to was quite heavy, too large for one man to carry and was six feet high by four feet wide and four feet deep. It was placed on the sidewalk in such a position that it was topheavy. The slats that had been removed were placed on a pile on the inside of one of the crates. The infant plaintiff, two years of age, his parents also being parties to the suit, was passing the larger crate when it toppled over and struck him and broke his leg. The injury thus occasioned is the basis of this suit.

If the defendant's servants placed this crate on the sidewalk in such a position that it was liable to fall and injure someone, liability for this careless act, if injury ensued, would follow. To escape liability, the defendant urges "that two hours after defendant's departure, the crate fell from the position in which it had been standing since two hours prior to defendant's arrival, and there is no evidence that defendant brought the crate, placed it in position or disturbed it in any way."

There was sufficient evidence to show that defendant's servants placed the crate in the position it oc-

cupied when the accident occurred. Mrs. Turner testified that the crates were piled against the wall of the house and this was confirmed by an eye witness to the accident who stated that "these boxes were sitting up on the side of the house, and this kid was coming down the street, and he got in front of the boxes setting up opposite the house, and I saw the box tumble over on him." Crates of large size were still standing along side of the house after the accident occurred.

Another eye witness of the occurrence stated that the crates had been there ever since noon time. The child was hurt between five and six o'clock. The conclusion would readily follow that the crate which fell and caused the accident was the crate in which the furniture had been and which was placed in position by defendant's servants. It would be extremely improbable that anyone else would come and put the crate there. Had the obstruction been properly placed or guarded, no accident would have happened in the ordinary course of events.

The difficulty in defendant's case is that this crate was placed so that as the child played along side of it, it toppled over and fell. This is what constitutes the negligence complained of. It was left in a dangerous position. That it had remained there for sometime without falling proves nothing. Common experience teaches us that an object having weight and height when placed in a position so that the strain is unequal, will not necessarily fall at once, but the shifting of its equilibrium may be gradual. There was no intervening cause shown which made it fall. Nor was it necessary for plaintiff to definitely establish what caused the crate to fall: Farbarik v. Jones, 67 Pa. Superior Ct. 517, but the insecure position into which it was placed, affords a plausible cause. A person placing an obstruction on the sidewalk which is likely to prove dangerous to a passerby may be held

responsible to pay the damages occasioned by an injury that ensues and this is supported by numerous authorities among which are: Kreiner v. Straubmuller, 30 Pa. Superior Ct. 609; Mullen v. Wilkes-Barre G. & E. Co., 229 Pa. 54; Euler v. City of Pittsburgh, 85 Pa. Superior Ct. 542; Farbarik v. Jones, supra; Rachmel v. Clark, 205 Pa. 314; Hresko v. Fed. Elec. Co., 301 Pa. 382; Sakach v. Antonoplos, 298 Pa. 130; McCarron v. Philadelphia, 46 Pa. Superior Ct. 145.

The defendant further urges that the testimony of Mrs. Turner is to the effect that the crates were in a pile eighteen inches high and if this be so, the accident could not have been occasioned by the defendant's agents. This requires but brief reference. The witness evidently intended to say that the slats which were taken from the crates in order to remove the furniture were piled inside of one of the crates to the height of eighteen inches.

The judgment is affirmed.